S. STRICKER & Co., plaintiffs in error, vs. JOHN F. TINKHAM, defendant in error.

[1.] A contract made in another State, intended to have effect in this, must conform to the laws of this State.

[2.] An assignment executed in Tennessee by an insolvent, conveying property in Georgia, and giving a preference to certain creditors, to the exclusion of an *equal* participation by *all* the creditors, is void.

[3.] We cannot enforce contracts which contravene the policy of our law.

[4.] A Court of Equity will exercise the power of re-forming instruments with caution, and only when a proper case is made by the pleadings.

[5.] Courts do not make contracts for parties, but enforce those which are valid, when called on so to do.

In Equity.   In Fulton Superior Court.   Demurrer.   Decided by Judge WARNER.   October Term, 1866.

On the 23d of January, 1866, Tinkham, a citizen of Tennessee, being indebted in the sum of $11,500, and having assets worth from eight to ten thousand dollars, executed an assignment, in that State, to one Horle, in trust for the benefit of his creditors.   This assignment embraced all his effects, (except about two hundred dollars worth of furniture,) consisting of a lease upon a store in Atlanta, Georgia, stock of goods in said store, monies, credits, and other personal property, all referred to in the assignment as being in the city of Atlanta.   It directed that the assignee should sell the property and effects upon such terms as he should think best, but not on a credit ; collect all money and credits, accounts and claims ; and when the amount thus realized should, in his judgment, be sufficient to distribute without endangering the interest of any of the creditors, then, first paying the expenses of executing and carrying into effect the assignment, and all rents and taxes due, or to become due, upon the property until sold, to pay, first, the wages of the employees of the store, all borrowed monies, any that might be on deposit, and any confidential debts that Tinkham might owe ; then, secondly, to pay out of the residue his other creditors, or, in case of a deficit, to distribute said residue among them *pro rata ;* and, lastly, in case of a surplus, to return the same to Tinkham, his executors, administrators, or assigns.

Certain creditors of Tinkham not of the preferred class, all of them non-residents of Georgia, and among them S. Stricker & Co., of Tennessee, sued out attachments against

him, after being notified of said assignment, and caused them to be levied upon the stock of goods and store specified therein.

Tinkham thereupon filed his bill, alleging the foregoing facts, and also that, with an honest intention to do the very best he could with all his creditors, to treat them all just and equitably, and to turn over to them for their own use and benefit all his property of every kind and description, he executed said assignment, but that it was drawn in Tennessee by a Tennessee lawyer, who did not fully understand the laws of Georgia touching assignments, and it was not drawn in accordance with the laws of this State; also, that the property, if sold out at retail, would bring a large sum; but if sold by the Sheriff, would not bring enough to satisfy even the attaching creditors, and consequently other creditors would be greatly damaged, and he himself ruined.

He prayed for the appointment of a receiver, for an injunction against proceeding with the attachments, for a reformation of the assignment, so as to make it conform to the laws of Georgia, and for full and complete justice to himself and all his creditors.

A receiver was appointed, and, at the appearance term of the bill, Stricker and Co. demurred to it, on several grounds, among them the want of equity in the bill and the invalidity of the assignment.

The Court overruled the demurrer, and this is the judgment brought up for review.

Hopkins and Bleckley, for plaintiffs in error.

Sprayberry and Lester, for defendant.

Walker, J.

[1.] It is admitted by counsel for Tinkham that the words of the assignment to Horle would make the instrument obnoxious to the provisions of the *Code*, *sec.* 1954, if the in-

strument had been executed in Georgia. But it is insisted that the assignment, according to the laws of Tennessee, where it was executed, is legal and valid; and, being valid there, is valid everywhere, We admit the general rule, that the *lex loci* governs in determining upon the validity of a contract, &c., but the rule is not without exception. *Section 9, of the Code,* says: " The validity, form and effects of all writings or contracts are determined by the laws of the place where executed. When such writing or contract is intended to have effect in this State, it must be executed in conformity to the laws of this State."

[2.] This assignment "is intended to have effect in this State," and, to make it valid, it should have been executed in conformity to our laws; and, not having been executed in such terms as to be valid according to our statutes, we hold that it is void. ·

[3.] We could not enforce a contract, valid where made, if it "is of such a character as contravenes the policy of our law." *Code, sec.* 2702. *Hershfield vs. Dexter,* 12 *Ga. R.* 586.

[4.] It was insisted that a Court of Equity will reform an instrument so as to make it conform to the intention of the parties. It is true that, under certain circumstances, equity will reform an instrument, (*Code, sec.* 3047) though this power is exercised with caution; (*sec.* 3050) but it will not do so until a proper case is made by the pleadings. Here Tinkham says " that, with an honest intention to do the very best he could with all his creditors, to treat them all justly and equitably, and to turn over to them, for their own use and benefit, all his property, he executed said assignment," &c. There is no allegation of any mistake made by the draftsman in framing the assignment, nor that the assignor intended that *all* of his creditors should participate *equally* in the property assigned; nor does he allege what he considers just and equitable treatment of his creditors. We are left to presume that he thought certain ones should be preferred, to the partial exclusion of all the others.

[5.] He prays for a reformation of the assignment, so as to make it conform to the laws of Georgia. In other words, that inasmuch as the assignment which he attempted to make is a mere nullity, he prays that a Court of Equity may make one for him. Courts do not make contracts for parties, but enforce such legal contracts as parties make, when called on so to do. Under any view which we can take of this case, we can see no equity in it, and think the Court should have sustained the demurrer and dismissed the bill.

Judgment reversed.