RICHARD B. GHOLSTON, plaintiff in error, *vs.* JANE GHOL-
STON *et al.*, defendants in error.

Where a libel for divorce was filed in 1859, with a schedule of the property
of the parties, as required by the law then in force, but the issues were not
in fact tried until after the adoption of the Code :
*Held*, that it was competent for the jury to distribute the property between the
parties and their children, as was authorized by the law previous to the
adoption of the Code, and that a verdict that the wife "should have a cer-
tain tract of land," conferred upon her the fee simple title to said land and
not a mere life estate.

Husband and wife.    Divorce.    Alimony.    Before Judge
POTTLE.    Madison Superior Court.    September Term, 1874.

The above head-note, with the opinion, sufficiently reports
this case.

JOHN C. REED, for plaintiff in error.

W. G. JOHNSON ; SPEER & THOMAS, for defendants.

McCAY, Judge.

At the date of the institution of this suit, the law regula-
ting the rights of the parties as to the property, was the act
of 1806 : Cobb's Digest, 224, 225.  By that act it provided
that after the payment of the debts, the property "shall be
subject to an equal division between the children of such par-
ties, except the jury shall think proper to allow either party
a part thereof.   Under this statute, up to the adoption of the
Code, the uniform ruling was, that the whole subject was open
to the jury.  By the Code of 1863, as was held by this court
in *Odom vs. Odom*, 36 *Georgia*, 319, this rule was changed,
and under the law since the Code, the jury can only give the
wife alimony, and that is defined in 1736, and other sections,
as a provision for the support of the wife at most for her life.
The sole question in this case is, whether the provisions of the
Code apply to this case, pending as it was at the time of the
adoption of the Code.   There is nothing in the *language* of

any of the sections of chapter 1, section 3, part 2, of the Code, declaring it to be retroactive; and section 2 of the preliminary provisions of the Code declares that "all rights, obligations, or duties, acquired or imposed by existing laws, shall remain valid and binding, notwithstanding the modification or repeal of such laws" (by this Code.) Under this section, we think it is plain that the rule of law regulating the rights of these parties, at the date of the institution of the suit, was the rule for the government of the jury in the distribution of the property. We do not say it was not competent for the legislature to alter it, but we think it clear that it was not the intent to do so. The plain common sense meaning of the verdict is to declare that the land shall be the property of the wife. In Odom's case, the court construed the verdict to give her only a life estate, though that was not expressed, but it did so because, under the law, as it then stood, it was not competent for the jury to do more. But ordinarily, in this state, even in a deed such words would convey a fee: Code, sec. 2248. · As we think the jury might, under the law, have made such a verdict in the divorce suit, we feel that it ought to have the legal effect flowing from such words.

Judgment affirmed.