CLINE *v.* CLINE.

(*Nashville*, December Term, 1947.)

Opinion filed June 12, 1948.

Raulston & Raulston, of South Pittsburg, for appellant.

A. A. Kelly, of South Pittsburg, for appellee.

Mr. Justice Gailor delivered the opinion of the Court.

This appeal rises from a divorce bill filed in the Chancery Court of Marion County by the wife, Kate Cline, against the husband, John Cline. By the bill, in addition to an absolute divorce, complainant sought custody of the only child of the marriage, a girl fifteen years old, alimony for herself and provision by defendant for the support, education and maintenance of the child.

During the years of their marriage the couple had acquired, as tenants by the entirety, a piece of real estate in Marion County, and upon this there had been constructed a combination store and residence. At the time of the filing of the bill there was the following property belonging to the couple: —A stock of goods in the store, a truck upon which a balance of purchase money was owing, and a bank account in the joint names of husband and wife.

The defendant, though appearing by counsel, permitted a *pro confesso* to be taken against him, and after hearing proof, the Chancellor decreed: (1) An absolute divorce to complainant on the grounds of habitual drunkenness and cruel and inhuman treatment. (2) As alimony to complainant the stock of goods, the truck as encumbered by the mortgage, and the money in the bank. (3) To the complainant he awarded the custody of the child, and for the child's support he enjoined defendant to execute a deed of defendant's interest in the store and residence property in the following language: ". . . and to enforce transfer of said interest and a vestiture of the same in said Billie Jobyna Cline, the said defendant John Cline is hereby ordered, directed and enjoined to execute and deliver unto his said daughter, Billie Jobyna Cline, a deed conveying all his right, title and interest in and to the real estate hereinafter described; and the said defendant is hereby perpetually enjoined from interfering with or molesting the complainant or her said daughter in the use and possession of said property."

From this decree defendant appealed, and the Court of Appeals affirmed the Chancellor in all essential respects, except the manner in which defendant's inter-

est in the realty should be divested out of him and vested in the daughter. In that respect the Chancellor's decree was modified to provide as follows: "We find no error in the decree of the Chancellor. However we are, of the opinion that the title to the interest of John Cline in the real estate should have been divested out of him by the decree and vested in the child Billie Jobyna Cline and we now order that this be done and the cause remanded and retained in Court for any further necessary decrees."

By petition for *certiorari* the defendant undertakes to raise the same questions here that were raised in the Court of Appeals. These are (1) that the minor child not being a party to the cause, the Chancellor had no authority to divest the defendant of his interest in the real estate, and vest it in the child. We find no merit in this contention. Upon the decree of absolute divorce the estate by the entirety was dissolved and the husband and wife became tenants in common (*Hopson* v. *Fowlkes*, 92 Tenn. 697, 23 S. W. 55, 23 L. R. A. 865, 36 Am. St. Rep. 120), and the guardianship of the child which had been joint in father and mother (Code sec. 8463), was made exclusive in the mother by the Chancellor's decree; then under Code sec. 8446 the Chancellor was authorized to make suitable provision for the support and maintenance of the minor out of the father's property. In this situation, since the mother as guardian was before the Court, to have made the child a party would have been clearly improper.

"This was no error, since the child was not a proper party, and was at most only a nominal party; the mother, its custodian, being before the court." *Kenner*

v. *Kenner*, 139 Tenn. 211, 226; 201 S. W. 779, 783, L. R. A. 1918E, 587.

The second question presented by the petition for *certiorari* is whether the Chancellor had authority to award the wife alimony out of the husband's share of the personal property. In view of the concurrent finding by the Chancellor and the Court of Appeals that the amount of the award was not excessive, that question of fact is foreclosed, and argument based upon it is irrelevant here. Under the decision in *Campbell* v. *Campbell*, 167 Tenn. 77, 66 S. W. (2d) 990, it was held that tenancy by the entirety may exist in personal property, but under the facts of this case, that question seems immaterial. Admitting that the stock of merchandise in the store was held by the complainant and defendant as tenants by the entirety, nevertheless, after the decree of absolute divorce they held this stock of merchandise as they did the real estate as tenants in common, and the same is true of the equity in the truck and the account in the bank. An award of alimony out of real property previously held as tenants by the entirety, has been recently approved by the Court of Appeals in the case of *McClung* v. *McClung*, Tenn. App., 198 S. W. (2d) 820. We approve that case and we can see no valid distinction between such an award when made out of realty or when made out of personalty.

The third question presented by the petition for *certiorari* is merely an elaboration of the first and is, "Has the Trial Court jurisdiction to award the interest of the father as tenant by the entirety in real estate to the child for maintenance and support?" We

think it has for the reasons set out in our discussion of the first assignment.

All assignments of error are overruled and the petition is denied.

All concur.