## JACKSON v. JACKSON.

No. 16287. September 14, 1948.

*Robert B. Culpepper,* for plaintiff.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) Counsel for plaintiff in error states in his brief that the husband does not question the verdict or judgment awarding alimony for the support of his minor child, or the right of the clerk of the superior court to issue an execution thereon, but that he is only seeking to have the execution properly worded. He insists in this connection that the execution should have been issued in the name of the wife for the use and benefit of her minor daughter, instead of in the name of the wife in her individual capacity.

"All executions shall follow the judgment upon which they issued, and shall describe the parties thereto as described in such judgment." Code, § 39-104. "A fieri facias may be amended so as to conform to the judgment upon which it issued, . . and such amendments shall in no manner affect the validity of the fieri facias, nor shall the levy of said fieri facias fall or be in any manner invalidated thereby." § 39-109. When the clerk of any court shall make a mistake in issuing an execution, he may correct such mistake by amending the execution. § 39-111.

The execution in the present case, which was issued in the name of the wife in her individual capacity, did not follow the judgment or the affidavit filed by the wife with the clerk of the superior court. While the execution referred to the judgment that was rendered against the husband in April, 1941, nevertheless there is nothing on the face of the execution to show that the award of permanent alimony was made for the use and benefit of the minor daughter.

Under the provisions of the above-quoted Code sections, the husband was entitled to have the execution amended so as to make it follow the judgment before being compelled to pay the same, and accordingly, since this is the only relief he is seeking, the judgment dismissing his affidavit of illegality is affirmed on condition that the wife shall within twenty days cause the clerk of the superior court to amend the execution so as to make it show that it issued in the name of the wife for the benefit of her minor daughter; otherwise, the judgment is to stand reversed.

*Judgment affirmed on condition. All the Justices concur, except Bell, J., absent on account of illness.*