## Thomas *v.* Holt *et al.*

Almand, Justice. On August 1, 1949, William A. Thomas filed a suit in equity against Mrs. Caroline H. Holt, which in substance alleged: The. defendant, on September 6, 1946, obtained a judgment for permanent alimony in DeKalb Superior Court against Nixon Howell McDougald, whereby the custody of a minor child was awarded to the defendant, and the father was required to pay to the defendant the sum of $30 per month for the support of said child. The defendant represented to the plaintiff that the father was in arrears in the payment of such permanent alimony, and she entered into a contract whereby she employed the plaintiff as her attorney to collect the past-due alimony, and agreed to give him a fee of 50 percent of whatever amount he collected or caused to be collected from the defendant's former husband. Pursuant to such employment, the plaintiff, in his endeavor to collect the past-due alimony, caused extradition proceedings to be taken against the former husband, and went to considerable trouble and expense in his efforts to make the former husband pay said arrearage, and as the result of such labor he received a check for $150, payable to the plaintiff and the defendant, which check he still retains, and recently, by reason' of such efforts of the plaintiff, several payments on the past-due alimony, as well as on the current alimony, have been made, and the defendant refuses to account to him for his one-half of the money so received. The defendant has without cause attempted to discharge the plaintiff from his employment, but this was done only after the former husband had made payments on the arrearage of alimony and began to make monthly payments. The prayers of the petition were for an accounting in full, and an order and decree requiring the defendant to specifically perform her contract with the plaintiff and pay him all money due him as the same becomes due each month and the defendant receives payments of alimony; that the plaintiff be awarded judgment against the defendant for $150 damages by reason of stubborn litigiousness and bad faith; and that he have a lien on the check which he holds payable to the order of himself and the defendant.

The defendant filed a general demurrer to the petition, one ground being that the contract upon which the plaintiff sues was void as being contrary to public policy. The demurrer was sustained, and the case is here on a bill of exceptions assigning error on such order. *Held:*

1. Courts of equity will not enforce a contract if it is of such character as contravenes the policy of our law. *Stricker & Co. v. Tinkham*, 35 *Ga.* 176 (3) (89 Am. D. 280).

2. The purpose and intent of the provisions in Code §§ 30-207 and 30-215 is to relieve the father of his common-law liability to support his minor child or children, and substitute therefor a liability by virtue of a court decree, whereby he is required to contribute a specified amount at fixed intervals to the person having the custody of such child or children, and that the person receiving such amounts should use them for the support and maintenance of such child or children. Where an award is made in favor of a wife for permanent alimony in a final decree, to be paid to her by the husband for the maintenance and support of their

minor child who is in the wife's custody, upon receipt of each payment she should use the same solely for the benefit of the child. In the receipt and use of such money, she acts as a trustee or guardian of the minor child. Such judgments are enforceable in the name of the mother for the benefit of the child. Code, § 30-208; *Jackson* v. *Jackson*, 204 *Ga.* 259 (49 S. E. 2d, 662).

3. Guardians of the property of wards are trustees, whose powers over the property of their cestuis que trust are defined by law, and among these powers is not included the execution of a contract binding the estate of their wards. *Howard* v. *Cassels*, 105 *Ga.* 412 (31 S. E. 562, 70 Am. St. R. 44); Code, § 49-226; Lee v. Leibold, 102 Colo. 408 (79 Pac. 2d, 1049, 116 A. L. R. 1319.)

4. Where, as in the instant case, custody of the minor child was given to the mother, in a decree for divorce and permanent alimony, and the father is required to make monthly payments of alimony to her for the support and maintenance of the child, the mother has no power or authority to make a contract with an attorney at law whereby she agrees to pay him one-half of whatever sums he collects from the father by virtue of the decree. Such an agreement, being contrary to the policy of the law, is void, and a court of equity will not aid the attorney in attempting to require the mother to account to him for payments she has received from the father since his employment under the alleged contract, or as to any future payments.

5. The contract of employment between the plaintiff and the defendant being void, the plaintiff has no lien or claim against any part of the money order or check in his hands, which represents a payment by the father as alimony for the support and maintenance of the minor child. As to the inapplicability of Code § 9-613 to alimony cases, see *Keefer* v. *Keefer*, 140 *Ga.* 18 (78 S. E. 462, 46 L. R. A. (N.S.) 527.)

6. The instant action being one in which the plaintiff seeks specific performance of an alleged contract, and not one seeking damages by reason of an alleged breach of the contract on the part of the defendant, the plaintiff thereby waives any right to a claim of damages on account of alleged bad faith and stubborn litigiousness of the defendant. *Brunswick Co.* v. *Dart*, 93 *Ga.* 747 (2) (20 S. E. 631).

7. There was no error in sustaining the general demurrer and dismissing the petition.

*Judgment affirmed. All the Justices concur.*

No. 17804. ARGUED MARCH 11, 1952—DECIDED APRIL 14, 1952— REHEARING DENIED MAY 14, 1952.

William A. Thomas, for plaintiff.

*John E. Verner, Heyman & Abram*, and *Alston, Foster, Sibley & Miller*, for defendants.