21115, 21132.   KITCHIN v. KITCHIN, and *vice versa.*

CANDLER, Justice.   On July 14, 1960, Mrs. Ruth Horn Kitchin filed a contempt proceeding against Houston Wyke Kitchin, her former husband.   In substance and so far as need be stated, her petition alleges: She obtained a divorce from the defendant on June 13, 1958.   Permanent custody and control of their minor child was awarded to her, subject to specified visitation rights of the defendant.   A written contract—in which she and the defendant agreed that he would annually, until her death or remarriage, pay her as alimony an amount equal to one-sixth of his taxable income after deducting therefrom his State and Federal income taxes for such year, and that he would also pay her annually a like amount for the support of their child until he reached the age of 21 years, married, or became self-supporting—was incorporated in and made a part of the final decree in her divorce and alimony action against the defendant.   For the period from June 13, 1958, to December 31, 1958, and for the calendar year 1959, the defendant has failed and refused to pay her the full amounts of alimony and support due her and their minor child under the decree of June 13, 1958.   On the trial, copies of the defendant's State and Federal income tax returns for 1958 and 1959 were introduced in evidence, and no question is raised as to their correctness.   Based on information obtained from those returns, and from Mrs. Kitchin's undisputed evidence respecting the amounts the defendant had paid her during the periods involved, the trial judge found and held that the defendant was not in contempt for nonpayment of alimony and support for 1958, since he had paid the plaintiff the full amount due her under the decree for such year 1958, and the judge also found from the evidence that the defendant was due her a balance of $677.70 for the year 1959, and on that finding

he adjudged him to be in contempt for nonpayment of the full amount due for 1959, but his contempt judgment provides that the defendant might purge himself of such contempt by paying the balance found to be due the plaintiff for that year within thirty days. To the latter finding and judgment of contempt, the defendant excepted. To the former part of his finding and judgment of no contempt for 1958, the plaintiff excepted and sued out her cross-bill of exceptions. *Held:*

Since the parties to this litigation state in their briefs filed in this court that the words "Taxable income" as used or employed in their contract of May 29, 1958, and as later incorporated in and made a part of the final decree in their divorce and alimony action, should, in our consideration of this case, be given the meaning such words have under Georgia's income-tax laws, we will accordingly proceed to thus deal with them in determining the issues which the instant case presents for our decision. "Taxable income" or the amount of income on which a resident individual taxpayer is required to pay an annual income tax to this State is determined by first ascertaining the taxpayer's gross income for the taxing year from all of the income-producing sources enumerated in *Code Ann.* § 92-3107, less the business deductions from his gross income which he is entitled to under the provisions of *Code Ann.* § 92-3109, and also less such personal exemptions he is entitled to claim under *Code Ann.* § 92-3106. In this case and for that portion of 1958 from June 13 through December 31, the court correctly found from the evidence that the defendant had overpaid the amount of alimony and support which he was due the plaintiff for such period, even though no deductions from his gross income were made for any part of his allowable personal exemptions. As to the taxable year 1959, the evidence shows that the defendant, as a physician, had a gross income of $27,759.12, allowable business expenses as found by the court of $12,052.02, and deductible personal exemptions of $2,100 and his taxable income for such year is ascertained and determined by subtracting the last two mentioned amounts from the amount of his gross income of $27,759.12, and when such amounts are so subtracted, there remains a net taxable balance of $13,607.10, which is the defendant's taxable income for the year involved. The evidence also shows without dispute that the defendant paid State and Federal income taxes

for the year 1959, amounting to the aggregate sum of $2,873.98, and when this amount is taken from the amount of the defendant's taxable income ($13,607.10) it leaves an income balance for 1959 of $10,733.12, and the plaintiff's alimony and support allowance of one-third of the last mentioned amount is $3,577.71. The evidence also shows without dispute that the defendant, during 1959, paid the plaintiff $3,600 on her decree for alimony and support. Hence, the evidence shows that the defendant fully paid the plaintiff all that she was entitled to receive from him under the terms of the alimony and support decree for such year 1959; and this being true, it necessarily follows that the court erred in holding that the defendant was in contempt of the court because of his failure and refusal to pay the amount of alimony and support due the plaintiff for 1959.

*Judgment reversed on the main bill of exceptions and affirmed on the cross bill. All the Justices concur.*

SUBMITTED JANUARY 10, 1961—DECIDED FEBRUARY 9, 1961—REHEARING DENIED FEBRUARY 23, 1961.

*William A. Hamilton, Claude Hambrick,* for plaintiff in error. *Walter E. Baker, Jr., William E. Bush,* contra.