27048. CLARK v. CLARK.

SUBMITTED FEBRUARY 15, 1972—DECIDED MARCH 9, 1972— REHEARING DENIED MARCH 23, 1972.

*Morris & Smith, Charley G. Morris, B. J. Smith,* for appellant.

*Johnson & Johnson, S. D. Johnson,* for appellee.

GRICE, Justice. The rulings and decree complained of here arose from an action for divorce, alimony and custody of minor children filed in the Superior Court of Clayton County by Lorease Clark against Joseph Eugene Clark. The jury returned a verdict in favor of the wife and a judgment was entered thereon. The husband's motion for new trial as amended was denied. The appeal embraces five enumerations of error, one of which is the denial of the motion for new trial, which contains 21 grounds.

Many of the issues relate to the subject matter of the verdict and decree.

The verdict, upon its face, recited as follows: "Question of Divorce: For [the wife]. Question of Wife's Alimony, if any:

None (see over). Support for Children: $200 per month for 2 children (2 minor girls)." On its reverse side the verdict made the following awards: for the husband certain Atlanta and Florida properties and also "One Half interest in property in Fayette Co."; for the two named children described property at "Mountain View, Ga. with privilege of [the wife] to live at same until she remarries"; and for the wife "One Half interest in property in Fayette Co."

The decree provided in substance as follows.

It awarded the wife a divorce, both parties having the right to remarry; it granted the wife custody of the children; it ordered the husband to pay the wife $100 each month per child for support of the children until the happening of stated events; and it awarded the wife a one-half undivided interest in the Fayette County property.

The decree also awarded the Mountain View property to the wife "in trust for the two minor children as tenants in common."

It further recited as follows: "The [wife] herein shall have the right to live herein and use said property for the home of her and the two minor children until [she] remarries. Upon the two minor children, both reaching the age 21, the title to said property vested in said children as tenants in common."

The decree further stated that the property of the husband in Florida shall remain free and clear of any claims of the wife.

The husband in his enumeration of errors and in his amended motion for new trial makes many attacks upon the verdict and decree. We deem it necessary to deal with only one of these attacks.

It is that the verdict and decree sought to take a part of the husband's property and to award it to his children. As to this, the verdict attempted to award to the children his Mountain View property with the privilege of the wife to live there until she remarries. The decree purported to follow the verdict. In addition to the monthly instalments in the verdict for the support of the children, the decree, in

this respect, provided for his Mountain View property to be held in trust by the wife until the majority of the children, at which time title would vest in them, with the wife having the right of occupancy until remarriage.

In our view, this attempt to award the property of the father to his children is contrary to law.

Our law requires that until majority the father must provide for the maintainance, protection and education of his children. *Code* § 74-105. It also provides that until provision is made for them, voluntarily or by court decree, the father is liable to third persons for necessaries furnished for their benefit while in the wife's custody. *Code* § 30-215.

When alimony is sought, whether or not the jury finds in favor of the wife, they shall also specify "what *amount*" the children shall be entitled to for permanent support. *Code* § 30-207. (Emphasis supplied.)

In *Thomas v. Holt,* 209 Ga. 133 (2) (70 SE2d 595) this court held that the purpose of *Code* §§ 30-207 and 30-215, supra, is to relieve the father from his common law liability to support the children and by court decree require him to contribute a "specified amount" for their support and maintenance.

From the foregoing it is clear that the husband's responsibility for the support of his children does not extend to awarding them title to his *property.* He is not required to settle an estate upon them. See generally in this connection 24 AmJur2d 949, Divorce and Separation, § 837.

It follows that for the reasons above, the verdict and decree are invalid.

This feature renders void all provisions of the verdict and the decree insofar as alimony and child support are concerned. It is inconceivable that with this feature stricken the jury would have intended the other provisions for alimony for the wife and support of the children to remain.

Therefore the case must be reversed and remanded for new trial, insofar as alimony and child support are concerned.

The other questions with reference to the verdict and

decree need not be dealt with here since they are not likely to recur upon another trial.

■ The general grounds for motion for new trial, insofar as divorce is concerned, were properly overruled. The conduct of the husband and wife was such as to authorize the grant of divorce to her.

■ Several other grounds of the motion for new trial relating to divorce remain for disposition here. We shall treat them briefly since they do not require elaboration.

(a) There is no merit in two grounds complaining that the trial court permitted testimony as to matters which took place prior to the present marriage of the parties. These grounds do not set forth or specify any place in the record where the rulings or testimony complained of occurred.

(b) One ground asserts that it was prejudicial and harmful for the court to allow certain testimony and colloquy to be given before the jury. This was properly overruled. No objection or motion to take any action was made.

(c) The ground complaining of permitting cross examination of the husband as to the existence of a prior marriage of the parties is not maintainable.

(d) Likewise without merit is the ground which urges error in allowing cross examination as to the husband's altercation with a tenant.

(e) Nor was it error to deny the husband's motion for mistrial in reference to testimony as to his attempted sale of certain property.

■ The enumeration asserting that the charge of the court was grossly verbose and confusing is not valid. A study of the charge, in the light of the issues, does not justify this complaint.

We find no error in the rulings relating to divorce.

*Judgment affirmed in part; reversed in part with direction. All the Justices concur, except Nichols, Hawes and Gunter, JJ., who dissent.*

GUNTER, Justice, dissenting. The verdict in this divorce case which awarded real estate of the husband-father to two minor children was not, in my opinion, a void verdict.

The majority opinion holds that the award of property (and by this I assume is meant real estate) out of the father's estate to his children is contrary to law. I do not, agree with this conclusion. I see no distinction between awarding real estate, having a determinable value in money, to children and awarding the husband-father's money to children.

Georgia law provides that where alimony or support or division of property is involved in a divorce action that the property and earnings of the parties must be set forth in the divorce complaint if this information is known. See Ga. L. 1967, p. 761 (*Code Ann.* § 30-105 (6)).

Our *Code* § 30-201 defines alimony as "an allowance out of the husband's estate."

*Code* § 30-206 provides that in suits for divorce the trial judge may grant alimony, or decree a sum sufficient for the support of the family of the husband dependent upon him. This is upon the theory that the wife and minor children have a legal claim upon his support. This Code section also provides that in the event such an award is made, then the husband shall not be liable to third persons for necessaries furnished to the family.

*Code* § 30-207 provides that the jury, on the final verdict, may provide permanent alimony for the wife and may specify what amount the minor children shall be entitled to for their permanent support. This Code section also provides that if an award is made for the minor children, then the husband shall not be liable to third persons for necessaries furnished to the children.

*Code* § 30-208 provides that orders, decrees or verdicts in favor of the children or family of the husband may be enforced as those in favor of the wife exclusively. *Code* § 30-209 provides that the jury may provide permanent alimony for the wife from either the corpus of the estate of the husband or otherwise.

*Code* § 30-213 provides that where there is no divorce action pending but the husband and wife are living apart that she may institute an action in behalf of herself or in

behalf of her minor children or in behalf of herself and minor children jointly for alimony.

*Code* § 30-215 provides that until provision is made for the support and maintenance of the wife and minor children the husband shall be liable for necessaries furnished to them.

It is beyond question that the jury in its verdict can make an alimony award consisting of real estate out of the husband's estate to the wife. See *Wise v. Wise,* 156 Ga. 459 (119 SE 410). And in the case of *Gholston v. Gholston,* 54 Ga. 285, this court construed and applied an Act of 1806 and held that in a divorce case it was competent for the jury to distribute the property between the parties and their children.

I interpret these Georgia statutes as giving a divorce court authority to award support for children out of the property of the father, and it is my opinion that a jury by its verdict may divest the father of title to real estate and the decree based on such a verdict does transfer such real estate to the children for their maintenance and support. See in this connection the case of Cline v. Cline, 186 Tenn. 509 (212 SW2d 361).

I cannot see or understand any logical, practical reason why a jury in a divorce case cannot award real estate out of the husband-father's estate to the minor children of the father, so that it will belong to such minor children in fee simple.

In my opinion the verdict in this case was not void.

I respectfully dissent.

I am authorized to state that Justices Nichols and Hawes join me in this dissent.