## 27507. BLACK v. DONEHOO.

UNDERCOFLER, Justice. On May 10, 1972, William M. Black filed a complaint against his former wife, Betty Lee Black Donehoo, seeking to set aside a portion of a divorce decree entered on October 14, 1968. His complaint alleges that the trust provisions made for the benefit of the minor children are void because they are contrary to the laws of Georgia, that they provide for a vesting in his minor children of his real property; and that one of the minor children was married at the time of the divorce decree. The complaint contends that he is entitled to have these portions of the decree declared void and the funds received by the defendant from the sale of said house and held by her in trust for the benefit of the children accounted for and paid to him. The defendant filed an answer to the proceedings. The trial court held that the complaint came too late since the judgment was merely erroneous and not void (see *Clark v. Clark,* 228 Ga. 838 (188 SE2d 487)), and it was barred by laches since it was not filed within three years from the entry of the final judgment. The appeal is from that judgment. *Held:*

The trial court was correct in holding that the motion to set aside portions of the divorce judgment came too late to be considered.

Section 60 (d) of the Civil Practice Act provides: "A motion to set aside must be predicated upon some nonamendable defect which does appear upon the face of the record or pleadings. To be subject to motion to set aside, it is not sufficient that the complaint or other pleading fails to state a claim upon which relief can be granted, but the pleadings must affirmatively show that no claim in fact existed." Ga. L. 1966, pp. 609, 663 (*Code Ann.* § 81A-160 (d)); *Code* § 3-702.

Section 60 (f) of the Civil Practice Act provides: "A judgment void because of lack of jurisdiction of the person or subject-matter may be attacked at any time. Motions for new trial must be brought within the time now or hereafter prescribed by law. In all other instances, all motions, complaints or other proceedings to set aside or attack judgments shall be brought within three years from entry of the judgment complained of." Ga. L. 1966, pp. 609, 663 (*Code Ann.* § 81A-160 (f)).

The judgment in the divorce proceedings was not void because of lack of jurisdiction of the person or subject matter and therefore a motion to set aside portions of it was barred after three years.

*Judgment affirmed. All the Justices concur.*

SUBMITTED OCTOBER 11, 1972—DECIDED NOVEMBER 9, 1972.

*Richard L. Powell,* for appellant.
*Edwards, Awtrey & Parker, P. Harris Hines,* for appellee.