## 31042. NEWSOME v. NEWSOME.

HILL, Justice.

The wife filed suit for divorce, asking for custody of three minor children, child support and alimony. The husband filed a counterclaim for divorce and custody of the children.

After it was determined that the marriage was irretrievably broken, the case was tried before a jury in October, 1975, on the issues of permanent alimony and child support. The jury verdict provided that, if custody of the children is awarded to the wife, she would receive the use of the home until the youngest child, age 10, reached 18. At that time the house, which was jointly owned, would be sold and the proceeds divided equally between the husband and wife. The wife would make all house payments until that time. The verdict provided child support in the amount of 10-percent per child per week of the husband's gross weekly salary. The trial judge, in awarding custody to the wife, incorporated the jury's verdict into his order.

The wife appeals, contending that the child support award does not specify a definite amount as required by Code § 30-207 and is therefore illegal. She also contends that the jury verdict concerning the house is illegal

because it requires the wife to make all the house payments, yet the house is to be sold at an uncertain future date and the income equally divided between the parties. She argues that this distribution of the equity she will have paid constitutes an illegal award of alimony from the wife to the husband, is contrary to the law, and is in excess of the authority of the jury and the court.

Code Ann. § 30-207 provides that in awarding alimony the jury shall "specify what amount" the minor children shall be entitled to receive for their permanent support. The wife argues that this statute requires that a definite sum in a dollar amount be set as child support.

The issue of whether a jury award to be computed as a percentage of income is an award of a specified amount which complied with the statute has never been directly confronted by this court. The court has held that agreements executed between parties and incorporated into a divorce decree, specifying the amount of child support and containing provisions for automatic adjustment in accordance with fluctuations in the husband's income, or providing for child support to be computed as a percentage of the husband's taxable income, are enforceable in contempt proceedings. *Paul v. Paul,* 235 Ga. 382 (219 SE2d 736) (1975); *Gray v. Gray,* 222 Ga. 641 (151 SE2d 774) (1966); *Kitchin v. Kitchin,* 216 Ga. 619 (118 SE2d 462) (1961). Those cases are distinguishable from the present case in that they deal with the enforcement of contractual obligations in contempt proceedings whereas Code § 30-207 applies to jury awards of child support. *Edwards v. Edwards,* 235 Ga. 199 (219 SE2d 117) (1975), also was a contempt proceeding and the question of specified amount was not in issue. *McClure v. McClure,* 235 Ga. 119 (218 SE2d 850) (1975), did not involve child support.

The case of *Golden v. Golden,* 230 Ga. 867 (199 SE2d 796) (1973), upheld a jury award of child support in a definite amount of $225 per child per month subject to a provision for automatic increase or decrease in the amount of 16-2/3 percent of any increase or decrease in the husband's salary. The husband appealed on the basis that the verdict, insofar as it related to adjustments for increase in salary, was so vague and indefinite that it was

not capable of precise definition and was thus invalid. The court, in upholding the award, stated that an award of alimony or child support as a percentage of future income is a term subject to definite determination. However, the court was dealing with the issue of whether the provision for adjustment around the specific amount of $225 was a term that could be definitely computed. It was not contended in that case that the jury award of child support as a percentage of income did not comply with the requirement of Code § 30-207 that a definite amount be specified. The issue was therefore not confronted in that case. Cf. *Fitts v. Fitts*, 231 Ga. 528 (202 SE2d 414) (1973).

It has been noted that the purpose of Code § 30-207 is to substitute for a father's common law liability to support his children a liability by virtue of a court decree, whereby he is required to contribute a *specified amount* at fixed intervals. *Clark v. Clark*, 228 Ga. 838 (188 SE2d 487) (1972); *Thomas v. Holt*, 209 Ga. 133 (70 SE2d 595) (1952). A jury award which bases child support solely on a percentage computation of the father's income, without setting a flat sum for which he is liable, does not comply with the requirement of Code § 30-207 that a definite amount be specified. Under such an award, if the father thereafter had no income, he would have no liability to support his children, notwithstanding the fact that he had assets from which he was able to pay. This possible result is directly contrary to the stated purpose of Code § 30-207 to create a liability by decree for child support.

We, therefore, hold that the jury award of child support solely as a percentage of the father's income does not comply with Code § 30-207. The judgment of the court below incorporating that verdict must, therefore, be reversed.

Since one part of the verdict must be set aside, the entire verdict should be set aside (*Clark v. Clark*, supra, p. 840), so that upon retrial the jury will not be encumbered by parts of the earlier verdict. It, therefore, is unnecessary to decide the second question raised on appeal.

*Judgment reversed. All the Justices concur, except Gunter, J., who concurs in the judgment only.*

ARGUED MAY 11, 1976 — DECIDED JULY 9, 1976.

*Hatcher, Meyerson, Oxford & Irvin, Clifford Oxford, Paul E. Pressley,* for appellant.

*Rich, Bass, Kidd & Witcher, R. Hopkins Kidd,* for appellee.