## 31135. HALL v. HALL.

GUNTER, Justice.

This appeal is from a judgment that declined to hold the father in contempt of court for failure to comply with a child support judgment entered in 1973. The trial judge did not hear the contempt action on its merits, but made his ruling, as a matter of law, on the pleadings filed by the two parties in the contempt action.

The mother's contempt action alleged that the father was in arrears with child support payments in the amount of $1,300. The father's response contended that the part of the decree that required him to make child support payments after the child reached 18 and until she reached 21 was illegal and unenforceable; the response also contended that the trial judge who entered the decree in 1973 had changed the contract between the father and the mother by increasing child support payments an

additional three years to age of 21, without notice to the father, without the father being present in court when the change was made, and when the father was not represented by an attorney. The father contended that he had "not had his day in court as to that portion of the divorce decree hereinbefore mentioned."

The mother then amended her contempt action by alleging that the father was in arrears in child support payments in the amount of $2,600; she alleged that the contract between her and the father had not only been amended by the trial judge in 1973 with respect to child support payments, but it had been amended further by not requiring the father to pay to her a minimum of $4,000 for an interest that she had in certain property; she alleged that both amendments to the contract had been made by the trial judge at a time when she was not present in court or represented by counsel; and she prayed that the father be required to comply with the final decree as entered or, in the alternative, that both amendments contained in the 1973 decree to the contract be declared illegal and stricken from the decree.

Based on these pleadings, the trial judge entered the following order: "Petitioner, Kathryn Carmichael Hall, brought this petition for citation for Contempt, filed November 27, 1974, seeking compliance of an order by this Court, dated July 5, 1973. Respondant, [sic] Joseph Smith Hall, filed an answer to said Petition on December 16, 1974, praying that said Respondant [sic] be discharged because Petitioner was seeking compliance of portions of the above stated order which were void. Petitioner filed an amendment to said petition on January 5, 1976, asserting that the same portions of the order of this Court claimed by the Respondant [sic] to be void were 'unlawful and illegal and should be stricken.'

Petitioner is demanding compliance with the very portions of the Final Judgment and Decree of this Court, dated July 5, 1973, which Petitioner asserts were 'unlawful and illegal and should be stricken.'

Therefore, this Court has no alternative but to deny the Petition in that Respondant [sic] cannot be held to be in wilful contempt of the above stated order."

It appears to us that the mother sought to have the

decree enforced as it was entered. Her alternative position was that if the court was not going to enforce a part of the 1973 decree that had amended the contract between the parties, then it should not also enforce the other part of the decree, favorable to the mother, that had amended the contract of the parties.

In any event, the trial court's judgment, rendered solely on the basis of the pleadings in this contempt action, was erroneous. The issues raised by these pleadings should have been heard by the trial judge and determined on the merits.

We therefore vacate the judgment rendered below and remand the case to the trial court for further proceedings consistent with this opinion.

*Judgment vacated. All the Justices concur.*

Submitted May 7, 1976 — Decided September 8, 1976.

*Brinson, Askew & Berry, C. King Askew,* for appellant.

*Horace Clary,* for appellee.