32394. McGARR v. McGARR.

Hall, Justice.

Appellant husband appeals from a judgment granting him a divorce and awarding the appellee substantial alimony and child support. The suit was based upon grounds of cruel treatment; appellee counterclaimed on the same grounds.

1. Appellant failed to object to the charge on alimony. The exception found in Code Ann. § 70-207 (c) (harmful as a matter of law) is inapplicable unless it appears that the error contended is blatantly apparent and prejudicial, and that a gross miscarriage of justice attributable to it is about to result. *Sullens v. Sullens,* 236 Ga. 645 (224 SE2d 921) (1976). We find no such error. See *Brown v. Brown,* 232 Ga. 55 (202 SE2d 201) (1974).

Admittedly the last sentence of the instructions on alimony may have caused confusion among the jurors as to the relevancy of a husband's conduct to the amount of alimony. But appellant requested this portion of the charge, and thus cannot complain of any error induced by it. *Noxon Rug Mills, Inc. v. Smith,* 220 Ga. 291 (138 SE2d 569) (1964).

2. Appellee testified over objection that she had heard that appellant was engaging "in friendships of younger women." The court gave a limiting instruction to the jury that they were not to consider the statement for the truth of the assertion, thus eliminating the hearsay

grounds for objection. But appellant also objected on the grounds that the statement's probative value was substantially outweighed by its prejudicial impact. Evidence of these friendships was already before the jury without objection. Even if appellant's objection was well taken, there was insufficient prejudice to require reversal. *Arrington v. Thompson,* 211 Ga. 734 (88 SE2d 402) (1955); *Rogers v. Manning,* 200 Ga. 844 (38 SE2d 724) (1946); *East Point Ford Co. v. Lingerfelt,* 123 Ga. App. 520 (181 SE2d 713) (1971).

3. Appellant complains of the exclusion of a part of his testimony dealing with expenditures of money by appellee after their separation. He contends on appeal that the evidence was relevant to the issue of alimony and child support. But counsel specifically stated at trial that this was not the purpose for which the evidence was offered. The appellant cannot assert error on this basis.

4. The jury awarded $60,000 to be held in trust for the "college education" of the three children. Appellant contends that the award is contrary to the evidence, since there was no evidence of the cost of a college education.

Appellee concedes that there was no evidence as to the cost of college, but relies on *Bateman v. Bateman,* 224 Ga. 20 (159 SE2d 387) (1968), and *Fitts v. Fitts,* 231 Ga. 528 (202 SE2d 414) (1973), and on the discretion of the jury in determining the amount of child support. *Bateman* is not on point, for in that case the award of child support for college expenses was limited to the children's minority, and all we held was that such expenses were a proper subject for child support for minor children. In *Fitts* we noted that there was evidence to support the amount of the award. Moreover, the amount was not specifically in issue.

In this case appellant challenges the amount. The award was for a specific purpose, and yet there was no evidence before the jury of how much money was needed for that purpose. The jury cannot speculate or base an award on its personal knowledge. Code Ann. § 110-108. Therefore, this part of the verdict cannot be affirmed. Rather than reversing the entire award of alimony and child support, we grant leave to the appellee to write off the $60,000 awarded for educational expenses within ten

days after the filing of the remittitur in the court below, and upon her doing so, the judgment will be affirmed; otherwise a new trial is ordered on the issue of alimony and child support. Code Ann. §§ 110-105, 110-112. Since no challenge to the judgment of divorce has been made, it is affirmed.

*Judgment affirmed on condition; otherwise affirmed in part and reversed in part. All the Justices concur.*

ARGUED JULY 12, 1977 — DECIDED SEPTEMBER 8, 1977.

*O'Neal, Stone & Brown, Kice H. Stone,* for appellant.
*Walters, Davis, Ellis & Smith, W. Emory Walters,* for appellee.