28

*Shulman,* for appellees.

32364. HALL v. HALL.

MARSHALL, Justice.

This case is here on appeal following remand to the trial court in the earlier decision of *Hall v. Hall,* 237 Ga. 477 (228 SE2d 865) (1976). The facts appear in the prior decision and will be restated here only as is necessary for a determination of the legal issues presented.

Following a hearing, the trial court has found that the appellant wife, through her attorney, received notice of the final divorce decree. She did not appeal it. Not being reversed or set aside, that decree is binding on her.

Furthermore, under numerous decisions of this court, the trial court in this contempt proceeding lacked the authority to modify the divorce decree. See *Peppers v. Peppers,* 238 Ga. 411 (233 SE2d 374) (1977) and cits.

The child support provision in the decree, which is the subject of this contempt action, is unenforceable to the extent that it requires the appellee husband to provide support for his daughter after she has reached the age of 18 until she reaches the age of 21. A father is not required to support his child after the child reaches the age of majority (Code Ann. § 74-105), which is 18 years of age in Georgia. Code Ann. § 74-104.1 (Ga. L. 1972, pp. 193, 199; 1973, p. 590). The divorce decree was rendered after the effective date of the 1972 Act changing the age of majority from 21 to 18. The child support award contained in the decree was not part of the parties' agreement and was supplied by the trial judge. The child support award is, therefore, unenforceable.

Accordingly, the order of the trial court holding that the appellee husband can not be held in contempt is correct, although perhaps not for the reason assigned by the trial judge, and must therefore be affirmed.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JULY 29, 1977— DECIDED OCTOBER 24, 1977.

*Brinson, Askew & Berry, C. King Askew,* for appellant.

*Horace T. Clary,* for appellee.