## 34046. WILCOX v. WILCOX.

BOWLES, Justice.

Appellant filed suit for divorce against appellee to which she responded and filed a counterclaim. The issue of divorce as well as child support was submitted to a jury which returned the following verdict: "Grant a divorce to Lillian Andrews Wilcox. Provide child support at the rate of $250/child/mo. Future child support will be fixed at a rate of 15 percent (15%) of plaintiff's net earnings per child until 18 years of age or completion of school." Judgment of the court was entered accordingly. Appellant filed a motion for new trial which was denied and he appeals to this court claiming that the verdict and judgment are contrary to the law of this state in that they provide for an automatic modification of the award of permanent alimony (child support); that they illegally provide for the support of children past the age of majority; and that the trial court erred in instructing the jury that they could award permanent alimony or child support based upon a percentage of future income of the father.

Recently in *Newsome v. Newsome,* 237 Ga. 221 (227 SE2d 347) (1976), we dealt with part of the problem presented here. That opinion points out that Code Ann. § 30-207 provides that in awarding alimony the jury shall "specify what amount" the minor children shall be entitled to receive for their permanent support. The verdict in *Newsome* which provided that child support in the amount of 10 percent per child per week of the husband's

gross weekly salary did not meet the test required by the statute that he contribute a specified amount at fixed intervals. The opinion stated: "A jury award which based child support solely on a percentage computation of the father's income, without setting a flat sum for which he is liable does not comply with the requirement of Code Ann. § 30-207 that a definite amount be specified. Under such an award, if the father thereafter had no income, he would have no liability to support his children, notwithstanding the fact that he had assets from which he was able to pay. This possible result is directly contrary to the stated purpose of Code Ann. § 30-207 to create a liability by decree for child support. We, therefore, hold that the jury award for child support solely as a percentage of the father's income does not comply with Code Ann. § 30-207."

In the case now before the court the jury did provide a definite sum of support at the rate of $250 per child per month. The problem presented, however, is that the jury went further and provided that *future* child support will be fixed at a rate of 15 percent of the plaintiff's net earnings per child. The future is anytime after the present. The latter portion of the verdict regarding future payments is in conflict with *Newsome v. Newsome,* supra, although the first portion of the verdict would meet the requirements of Code Ann. § 30-207. On the other hand it is entirely possible that the jury in making the initial award of $250 per month may have determined a lesser amount now, thinking that the 15 percent provision would increase that award in the future.

We hold that the portion of the verdict attempting to set future child support at a rate of 15 percent of the father's earnings is illegal for the reasons pointed out in *Newsome v. Newsome,* supra.

Rather than order a new trial on the child support issue we will permit the appellee-mother within thirty days from the date that the remittitur in this case is filed in the trial court, to write off that portion of the judgment and leave the $250 per month per child support award intact. Should she fail to do so that portion of the verdict and judgment granting a divorce to the parties shall remain unaffected but the award of child support is reversed and shall be resubmitted to a jury for further

determination. See *McGarr v. McGarr,* 239 Ga. 640 (4) (238 SE2d 427) (1977).

In any event, any portion of the verdict and judgment intending to provide for support for any child beyond his or her 18th birthday is a nullity, and should be deleted from the judgment in the case. Code Ann. § 74-104. *Coleman v. Coleman,* 240 Ga. 417 (240 SE2d 870) (1977); *Hall v. Hall,* 240 Ga. 28 (239 SE2d 356) (1977); *Jenkins v. Jenkins,* 233 Ga. 902 (a) (214 SE2d 368) (1975).

*Judgment affirmed on condition, otherwise reversed as to child support. All the Justices concur.*

SUBMITTED SEPTEMBER 15, 1978 — DECIDED NOVEMBER 22, 1978.

*Fleming, Blanchard & Thompson, John Fleming, Larry I. Smith,* for appellant.

*Huggins, Allen & Markert, C. Thomas Huggins,* for appellee.