## 35300. RITCHEA v. RITCHEA.

BOWLES, Justice.

Appellee-wife's complaint for permanent alimony and child support resulted in a jury verdict in her favor, reading in part, as follows:

". . . Plaintiff to be made beneficiary of $10,000.00 life insurance policy. Minor son, Mark, to be awarded $50.00 per week effective November 1, 1978, until his eighteenth birthday or if minor child elects to attend college the $50.00 per week to continue until his twenty-first birthday. . ."

The trial court entered its judgment and decree based on that verdict, with the final form reading in part as follows:

"The defendant is hereby ordered to pay to the plaintiff, for the support of said minor child, Mark Ritchea, the sum of $50.00 per week, beginning November 1, 1978, and continuing each week thereafter until said Mark Ritchea shall reach the age of eighteen years, and in the event said Mark Ritchea shall elect to attend college then the defendant shall pay for the support of said Mark Ritchea the sum of $50.00 per week until said child reaches his twenty-first birthday."

"The plaintiff (wife) is hereby made the permanent beneficiary on the $10,000.00 life insurance policy which

defendant presently has on his life and the defendant shall forthwith deliver said life insurance policy to the plaintiff to be kept in a place of safe keeping and the defendant is further directed to promptly pay all premiums due as said payments become due in the future and defendant shall borrow no monies against the cash value of said policy."

Appellant-husband complains that the trial court erred in denying his motion for new trial, or in the alternative, in failing to strike from the judgment and decree of the court that portion thereof requiring appellant to support the minor child beyond the age of majority. He also complains that the trial court erred in refusing to strike that portion of the final judgment which he says changed the verdict of the jury in substance with respect to the life insurance policy.

1. Without the consent of the husband-father neither the jury nor the court can require him to support his minor child beyond the child's eighteenth birthday, and an attempt to do so is a nullity. *Wilcox v. Wilcox,* 242 Ga. 598 (250 SE2d 465) (1978). Code Ann. § 74-104. *Coleman v. Coleman,* 240 Ga. 417 (240 SE2d 870) (1977); *Hall v. Hall,* 240 Ga. 28 (239 SE2d 356) (1977).

2. That portion of the final decree dealing with the policy of life insurance is in full accord with the undisputed evidence and the verdict of the jury in the case. The trial court did not err in inserting provisions requiring the husband to carry out the purpose and intent of that verdict. Compare *Reeves v. Reeves,* 236 Ga. 209 (223 SE2d 112) (1976).

3. Rather than order a new trial on the child support issue we will permit the appellee-mother within thirty days from the date that the remittitur in this case is filed in the trial court, to write off that portion of the judgment providing for child support beyond the eighteenth birthday of the minor child and leaving the other portions of the decree intact. Should she fail to do so within that period of time the portion of the judgment granting a divorce to the parties shall remain unaffected, but the issues of alimony and child support are reversed and shall be resubmitted to the jury for further determination. See *McGarr v. McGarr,* 239 Ga. 640 (4) (238 SE2d 427) (1977);

and *Wilcox v. Wilcox,* supra.

*Judgment affirmed on condition. Otherwise reversed as to alimony and child support. All the Justices concur, except Hill, J., who concurs in the judgment only.*

SUBMITTED AUGUST 31, 1979 — DECIDED OCTOBER 16, 1979.

*Yancey, Perkins & Barnick, Howard E. Yancey, Jr.,* for appellant.

*Elsie H. Griner,* for appellee.