Mary Katherine Carter **ALLISON,**
**Plaintiff-Appellee,**

v.

**Walter Garrett ALLISON, Sr.,**
**Defendant-Appellant.**

Court of Appeals of Tennessee,
Middle Section, at Nashville.

May 21, 1982.

Application for Permission to Appeal
Denied by Supreme Court
Aug. 30, 1982.

Dan R. Bradley, Waverly, for plaintiff-appellee.

Henry F. Todd, Jr., Dickson, for defendant-appellant.

## OPINION

LEWIS, Judge.

This appeal by defendant Walter Garrett Allison, Sr., contests the amount of the award of child support, the limited visitation rights of defendant with his minor child, and the awarding of certain of the parties' property to plaintiff Mary Katherine Carter Allison.

The parties were married in April, 1966, and their only child, Walter Allison, Jr., was born September 17, 1969. When the parties separated on March 25, 1980, the husband was sixty-seven years of age and the wife forty-nine years of age.

In the course of the parties' marriage, the husband worked at various jobs. At the time of trial, he was retired, receiving social security benefits in the amount of $496 per month and also had income from part-time yard work "in excess of $2750.00" per year. Plaintiff, during the parties' marriage, had also worked and contributed financial support to the family and, at the time of trial, was employed by Luff-Bowen Funeral Home. In the year preceding the divorce, plaintiff had gross income of some $12,000.

During the marriage, the parties had acquired some savings. There is evidence in the record that when the parties separated plaintiff withdrew some $6000 of the savings leaving defendant with approximately $4800. This does not include some $2500 which defendant withdrew from a savings account in the name of defendant, plaintiff, and the minor child and which the wife testified belonged to the minor child and was found by the Trial Judge to be "the child's bank account." The parties also owned their home on which there was a $6000 mortgage.

Defendant first contends the Trial Court erred by "ordering the defendant to pay a sum of money into an account for the benefit of the minor child of the parties when the defendant had a lawful right to withdraw such funds and did so prior to the trial."

The Trial Judge had jurisdiction and was authorized, pursuant to T.C.A. § 36–820, to make suitable provisions for the support and maintenance of the minor child out of the father's property and where, as in the instant case, "the mother as guardian was before the Court, to have made the child a party would have been clearly improper." *Cline v. Cline,* 186 Tenn. 509, 512, 212 S.W.2d 361, 362 (1948).

However, defendant here argues that the $2500 was not for the support of the child, that "the Court was attempting to order the defendant to pay back funds he had a legal right to withdraw." It may well be that since defendant was a signator on the account, as between defendant and the bank, defendant had a "legal" right to withdraw the funds. However, we reiterate that the Trial Judge found that the $2500 was withdrawn from an account owned by the child and there is sufficient evidence to support this finding.

We find no error in the Trial Judge ordering defendant to return the $2500. We are, however, of the opinion that the Trial Judge's order should be modified to place the account in the name of plaintiff for the use and benefit of the minor child until such time as the minor child reaches his majority and that the order should provide that withdrawals from the account should be based on the needs of the child and be made only with permission of the Trial Court.

Defendant next contends that the $35 per week ordered as child support is excessive under the circumstances.

The obligation for supporting a minor child falls neither on the father nor the mother but is an obligation of both parents. In arriving at the amount of child support to be awarded, the needs of the child and the ability of each of the parents to contribute are paramount factors to be considered.

There is evidence in the record that plaintiff needs some $1500 per month to maintain the household for herself and the minor child. Of this $1500, $490 is directly attributable to the minor child.

Considering both plaintiff's and defendant's ability to contribute, we find that defendant has income in excess of $726 per month, $496 of which is from social security and some $230 per month is from his part-time yard work. Defendant testified that his expenses, not including clothing and repairs to his truck and lawn mower, were $447 per month. Adding the $152 per month child support to defendant's expenses makes a total of $599. Defendant, based on his minimum income, has $125 per month left after payment of expenses and child support. The evidence in the record is that plaintiff has no excess income after payment of the expenses of herself and the minor child and, in fact, from the evidence in the record, she goes into the "hole" each month. Based upon the needs of the minor child and the ability of each of the parties to contribute to the support of the minor child, we find no error in the exercise of the Trial Judge's discretion in awarding $35 per week child support. In the absence of an abuse of discretion, this Court will not reverse the trial judge. *Harwell v. Harwell,* 612 S.W.2d 182 (Tenn.App.1980).

■ Defendant next contends that the Trial Judge erred by permitting him to visit with the minor child for only four hours on each Saturday afternoon.

Our review of this record fails to show facts and circumstances present which justifies a so severe restriction of visitation rights. Further, plaintiff, in her brief, states that "she does not desire to keep the [defendant] from seeing the minor child at any time which is reasonable."

We are of the opinion that, on remand, the parties and/or their attorneys should attempt to work out a reasonable visitation schedule. If they are unable to do so, then defendant is at liberty to petition the Trial Court to set reasonable visitation rights.

■ Lastly, it is contended by defendant that the Trial Judge erred by awarding all the parties' assets to plaintiff.

The transcript of evidence does not support defendant's contention that he "was stripped of all assets except his vehicle and the clothes on his back." There is evidence in the record that, while plaintiff took some $6000 from the parties' savings and checking account, she left some $4800 for defendant. Defendant, under the decree, received his truck, certain tools, his lawn mowers, two cemetery lots, and other equipment. Plaintiff received an automobile and two cemetery lots. No mention is made in the decree regarding household goods and effects.

The division of the parties' property in this case was made pursuant to T.C.A. § 36–825, since no alimony was sought by plaintiff. T.C.A. § 36–825 provides as follows:

> *Adjustment of interests in jointly owned property.*—In all actions for divorce or separate support and maintenance, the court having jurisdiction thereof may, in its discretion, adjust and adjudicate the respective rights and interests of the parties in all jointly owned property, so as to preserve for each or either party, that portion of such jointly owned property as may be just and reasonable under the facts and circumstances of the case, regardless of how the court may grant or refuse to grant relief in such case; and to this end the court shall be empowered to effectuate its decree by divesting and reinvesting title to such property and, where deemed necessary, to order a sale of such property and to order the proceeds divided between the parties.

T.C.A. § 36–825 vests the courts of this State with the power "to achieve justice and equitably adjust the rights of parties in jointly owned property in divorce cases." *Elias v. Elias,* 61 Tenn.App. 692, 701, 457 S.W.2d 612, 617 (1969). Neither the husband nor the wife are to be unjustly enriched. *See, e.g., Grant v. Grant,* 39 Tenn. App. 539, 286 S.W.2d 349 (1954).

From a review of the record, we are of the opinion that the jointly owned property, excluding the house and lot awarded to plaintiff, was adjusted on an equitable basis.

However, we are of the opinion that the Trial Judge erred in divesting defendant of his interest in the house and lot.

While T.C.A. § 36–825 provides that the trial judge has discretion to award jointly owned property "so as to preserve for each or either party, that portion of such jointly owned property as may be just and reasonable under the facts and circumstances of the case," we find nothing in this record which shows that it is "just and reasonable" to strip the defendant of his interest in the house and lot. The Trial Judge, in his Findings of Fact and Conclusions of Law, states that the award of the house and lot to plaintiff is made in part for plaintiff's "continued support and well being." This is an attempt to award plaintiff alimony, which she did not pray for nor seek at trial.

We find nothing in this record which in anywise would show that plaintiff is entitled to more than a one-half interest in the house and lot.

Plaintiff does argue, in her brief, that "the judge's ruling in this case was to a certain extent, motivated out of concern over the [defendant's] age." Defendant was sixty-nine years of age at the time of trial and there was proof that he had a heart condition. However, we do not agree that T.C.A. § 36–825 affords the Trial Judge the authority to make a will for a party.

The judgment of the Trial Judge in divesting defendant of his interest in the house and lot and awarding that interest to plaintiff is reversed. The decree in this cause should be modified so that plaintiff and defendant hold the real estate as tenants in common. Plaintiff and the minor child should be allowed to occupy the home until the child attains his majority or until he leaves home, whichever is earlier. Plaintiff should be required to make payments on the mortgage and pay the taxes and insurance. Plaintiff should also be required to make any minor repairs to the house, i.e., those repairs not exceeding $100. Any repairs in excess of $100 should be borne equally by plaintiff and defendant. When the minor child attains his majority or is no longer living with plaintiff, then the house and lot should be sold and the proceeds divided one-half to plaintiff and one-half to defendant with plaintiff given credit for the amounts she has paid on the mortgage, insurance and taxes.

It results that the judgment of the Trial Court is affirmed in part, reversed in part, and the cause remanded to the Trial Court for the entry of a decree in conformity with this opinion. Costs of this appeal are taxed equally to plaintiff and defendant.

CANTRELL and CONNER, JJ., concur.