No. 9963.

## EVANS v. SCHAFER.

REAL ESTATE, ACTION TO RECOVER.—*Quieting Title.—General Finding May Show Basis.—Practice.*—In an action to recover or quiet the title to real estate, when the general denial is pleaded, it is proper that a general finding or verdict show upon what ground it was based, as that the deed, under which the plaintiff claimed title, was made when the possession was held adversely to the grantor.

SAME.—*Judgment, Clause Limiting Effect of.—Motion to Modify.*—A clause in a judgment for the defendant, in an action to recover real estate, to the

Evans v. Schafer.

effect that the judgment shall not prejudice the rights of the parties as to any other action, practically nullifies the judgment, and on motion should have been stricken out or modified.

From the Clark Circuit Court.

*C. L. Jewett*, for appellant.

*J. K. Marsh* and *M. C. Hester*, for appellee.

WOODS, C. J.—Complaint in two paragraphs, by the appellee against the appellant—the first to recover possession of, and the second to quiet title to, real estate. The defendant answered by the general denial. Trial by the court, which made the following finding.

"The court finds that, on the 10th day of April, 1879, one Mary Hartz, by deed of warranty, conveyed to the plaintiff the real estate described in the complaint, to wit," etc.; "that at the time of the said conveyance the defendant held possession of said real estate under claim and color of title which was adverse to the title attempted to be conveyed to the plaintiff, and that the plaintiff has no right to the possession of said real estate by virtue of said conveyance that he can enforce against the defendant in this action; and upon this ground, and no other, the finding is for the defendant."

The appellant moved the court to strike out of the finding all between the words, "The court finds," and the words, "for the defendant," because irrelevant and not warranted by the issues, and because neither party had requested a special finding. This motion the court overruled, and, in addition to the usual judgment that the plaintiff take nothing and pay the costs, ordered "that this judgment in no way prejudice the rights of the parties as to any other action which may hereafter be brought." This part of the judgment the appellant moved to strike out, because contrary to law and unauthorized by the pleadings and issues in the case. This motion the court also overruled.

We are of opinion that the court committed no error by embodying in its finding a statement of the exact ground

upon which its decision was based. Under the answer of general denial, the appellant was entitled to avail himself of all manner of defences, whether meritorious or technical; and if in such a case the action is defeated on grounds which do not affect the title nor determine the ultimate rights of the parties, it is eminently proper that the finding, though in the technical sense a general one, as is this, be so framed as to show the fact. In this way the estoppel of the judgment may be limited to what was actually determined, and nothing left to the perils and uncertainty of testimony.

The motion to modify the judgment, we think, should have been sustained. The clause embraced in the motion is repugnant to and nullifies the first and formal part of the judgment. The appellant, upon the finding as entered, was entitled to a judgment that the plaintiff take nothing by the action; and such a judgment necessarily concluded the parties in respect to the right of possession at the time the action was commenced, and as to the fact that the appellant was in adverse possession when the appellee received his deed from Mary Hartz. These facts are determined, and should not be left open for further investigation. But if the objectionable clause is allowed to stand, nothing is determined so as in any way to "prejudice the rights of the parties as to any other action which may hereafter be brought."

Judgment reversed, at the costs of the appellee, and cause remanded with instructions to sustain the motion to modify the judgment.