## NOTT *v.* GUNDICK.

1. JUDGMENT—AMENDMENT—STATUTES.

     Under Circuit Court Rule No. 56, § 3, and 3 Comp. Laws 1915, § 13309, a decree may properly be amended to correct any errors or defects.

2. PARTITION—REFERENCE—ESTOPPEL.

     In partition proceedings, where defendant petitioned that the order of reference to the circuit court commissioner be enlarged to cover her claims, and afterwards she submitted her claims and testimony under such enlarged order, she is estopped to assert impropriety in the order.

3. JUDGMENT—FINAL JUDGMENT BINDING.

     Where a case is appealed it is the judgment entered

upon such appeal which concludes the parties, and they are not bound by opinions or statements of the court seeking to define the extent to which such judgment shall prejudice the rights of the parties in other actions.

4. PARTITION — JUDGMENT — SET-OFF — JUDGMENT APPEALED FROM AND DISALLOWED NOT BINDING.

Although a decree for rents in partition proceedings was entered in favor of plaintiff subject to deduction of any judgment for rents in an action pending in justice's court, said judgment may not be set-off in the partition proceedings, where, on appeal therefrom to the circuit court, the amount for rents included in the judgment was disallowed.

5. SAME—AWARD FOR RENT—COMPUTATION.

Where defendant had the use of the property to the exclusion of plaintiff, who was entitled to one-half of the rental value, which was fixed at $50 a month, a decree for plaintiff for $50 a month was proper where it was to be paid from a fund one-half of which belonged to her and one-half to defendant.

6. SAME—TAXES.

Defendant was entitled to be awarded one-half of taxes paid by her on the premises while held by her and plaintiff as tenants in common.

7. SAME—ATTORNEY'S FEE.

An attorney fee of $350 taxed against defendant, to be paid from a fund one-half of which belonged to plaintiff and one-half to defendant, cannot be said to be excessive as against defendant.

8. SAME—REPAIRS—ALLOWANCE.

Repairs made by defendant after the date of the decree awarding partition, and made solely for her own convenience, were properly disallowed in the final award on partition.

Appeal from Wayne; Richter (Theodore J.), J. Submitted June 15, 1921. (Docket No. 54.) Decided November 3, 1921.

Bill by Lettie Nott against Martha Gundick for par-

tition of certain real estate: On appeal of defendant from an order affirming an award of the commissioner on settlement of the decree. Modified and affirmed.

*Charles C. Stewart* and *William C. Gottman,* for plaintiff.

*Samuel C. Shier,* for defendant.

CLARK, J. Following decree for partition in this cause affirmed here, 212 Mich. 223, there was reference to a circuit court commissioner and report by him that the property was not susceptible of division and there was further reference to take testimony as to the rental value of the property, amount of attorneys' fees to be allowed plaintiff and expense of abstract. Upon petition of defendant the order of reference was broadened to include taxes paid and repairs made by her. The commissioner took the testimony offered by the parties and made his report. Both parties filed exceptions to the report which was confirmed and decree entered, the provisions of which, material here, follow. From the fund arising upon sale, after deducting costs, charges, and expenses of sale, the decree states that the commissioner

"shall pay to the attorneys for the plaintiff $50 per month to be computed from May 22, 1919, to the date of sale for rent, $23.50 expended for the abstract and the sum of $350 allowed them for attorney fees over and above the ordinary taxed costs. The balance of the fund remaining in his hands. shall be divided into two parts and credited equally to the plaintiff and defendant respectively but subject to the following specific charges, namely: From the half of such fund so credited to the plaintiff said commissioner shall deduct the sum of $47.05 costs allowed in case No. 79,271 at law in this court and the further sum of $38.92, being one-half of the 1920 taxes, which two sums shall be paid by said commissioner to Samuel W. Shier as attorney for the defendant on his pro-

curing the discharge of record of a mortgage given May 28, 1920, by Martha Gundick to Joseph Gryger but which mortgage has been fully satisfied by the judgment rendered on the appeal in which it was given; from the other half of such fund which said commissioner has credited to the said defendant he shall deduct the following items, $22 adjudged the plaintiff in said case No. 79,271, $68.80 costs awarded plaintiff against defendant in the Supreme Court on appeal and also the costs in this case to be taxed, which several sums the said commissioner shall pay the attorneys for the plaintiff.

"It is further ordered, adjudged and decreed that the said commissioner shall pay the balance of the two said several sums so credited to the plaintiff and defendant respectively, to each their accredited remainder or to their respective attorneys."

The decree was entered March 31, 1921. On April 14, 1921, plaintiff by petition sought amendment thereof, that the clause respecting a sale of the premises which read:

"and that on making such sale the said circuit court commissioner make and execute to the purchaser at such sale a deed of conveyance of the land and premises so sold"

be changed to read:

"and that on making such sale the said circuit court commissioner shall immediately after confirmation thereof make and execute to the purchaser at such sale a deed of conveyance to the land and premises so sold."

The decree was amended and final decree entered April 18, 1921. Defendant has appealed. Her complaints will be discussed in the following order:

Amendment of decree. Defendant was not prejudiced by the amendment. It was properly allowed. Circuit Court Rule No. 56; 3 Comp. Laws 1915, § 13309.

Order of reference.    Defendant is estopped to assert impropriety in the order, having petitioned that it be enlarged to cover her claims and having submitted·her claims and testimony under such enlarged order.

Rents.   The original decree provided an accounting for rents by defendant to plaintiff from May 22, 1919, to date of sale.   The report of the commissioner fixed the monthly rental at $50.   This value, accepted by the trial court, within the limits fixed by the testimony, we are not inclined to disturb.   But of the question of rent defendant claims a former adjudication.

On January 10, 1920, defendant began a suit against plaintiff to restrain her from obtaining possession of the property in question and filed in such cause a bond in the penal sum of $600 with George Nunn as surety, conditioned on the failure of such suit to pay plaintiff costs that might be awarded and rent. The suit was dismissed and plaintiff here, Lettie Nott, was awarded costs against defendant here, Martha Gundick, in the sum of $22.   On March 1, 1920, plaintiff here commenced suit upon the bond in justice's court before Theodore J. Richter against Martha Gundick and George Nunn for such costs, and for rent, and had judgment for $322 and costs, which cause defendants appealed to circuit court on May 6, 1920. The original decree by Judge Hosmer in the case at bar entered April 15, 1920, as to such rent, said:

"Taking into due consideration any rental that may be due from the said Martha Gundick to the said Lettie Nott from May 22, 1919, to the date of partition, but deducting therefrom any time for which the said Lettie Nott may recover in her action before Theodore J. Richter."

In the circuit court, in said cause appealed from justice's court, plaintiff upon directed verdict on January 15, 1921, had judgment for the $22 and defend-

ant was awarded costs in the sum of $47.05, and in which cause appears the following order:

"In the above cause, it duly appearing that the verdict ordered might be considered or treated as a bar to the recovery of rents awarded by the decree of Judge Hosmer, which has since been affirmed by the Supreme Court, therefore, it is ordered that it be so amended as to provide that such verdict shall in no sense be considered as bearing on the rights as to rents settled and established by such Supreme Court decision."

Defendant seems to contend that she may set off against the claim for rent the amount of the judgment rendered by justice Richter and that the language of the decree above quoted so directs. But the words "action before Theodore J. Richter" mean the cause itself, which defendant appealed to circuit court.

We recognize the rule that it is the judgment entered upon such appeal which concludes the parties, and that the parties are not bound by opinions or statements of the court seeking to define the extent to which such judgment shall prejudice the rights of the parties in other actions (23 Cyc. p. 1218). But we need not consider the order above quoted entered in said cause. The record in that cause is not before us, but it appears that plaintiff had judgment for the $22, which had been awarded her as costs in the said chancery suit, and that she had judgment for no part of the rent. If such judgment is to be given any force as to the rent, it must be treated as an adjudication that plaintiff was entitled to no rent. But that may not be for the original decree in this cause, as we read the record, amounts to a determination to the contrary and such decree was entered months before said judgment in the cause on appeal. Plaintiff's right to rent here is not barred by the judgment in said cause. It is urged that plaintiff is given the whole rental value for the time, $50 per month, when

defendant owns half the property. The answer to this is that the decree orders such rent to be paid to plaintiff from funds one-half of which belongs to her.

Taxes. The court refused to allow defendant the amount of taxes of 1919, $49.14, paid July 21, 1919, and treated such claim as concluded by the original decree herein. We think it was not so concluded. The taxes were paid while the parties were tenants in common. Decree may be modified to award defendant one-half of the sum so paid.

Attorneys' fees. The court allowed $350. This is said to be excessive as charged against defendant. But the decree orders payment from a fund one-half of which belongs to plaintiff. Plaintiff has not appealed. The sum to be paid by defendant is surely not excessive.

Repairs claimed by defendant. Of these the trial court correctly found:

"As to the claim by the defendant for repairs put upon the dwelling house since the date of such decree, it appears from the evidence that all such repairs were placed upon the property not only without the knowledge or consent of the plaintiff or her attorney but also in defiance of her rights and for the sole convenience of the defendant and they are disallowed."

Because of the character and purpose of the repairs claimed, the cases of *Fenton* v. *Miller,* 116 Mich. 45 (72 Am. St. Rep. 502), and *Liebetreu* v. *Liebetreu,* 197 Mich. 668, cited by defendant are not applicable. See 29 L. R. A. 449; 38 Cyc. p. 56.

The questions raised have been considered. The decree is equitable and, except as above modified, it is in all things affirmed. Plaintiff will recover costs.

STEERE, C. J., and MOORE, WIEST, FELLOWS, STONE, BIRD, and SHARPE, JJ., concurred.