75496. IN THE INTEREST OF A. S.
(363 SE2d 325)

DEEN, Presiding Judge.

Richard Smith and Jan McGinty were married and divorced, with Jan McGinty being awarded custody of their child, A. S. Smith subsequently instigated a proceeding before the juvenile court, seeking removal of the child from McGinty's household because of deprivation. On May 12, 1986, the juvenile court entered an order of disposition, finding that clear and convincing evidence showed that A. S. had been sexually abused while in McGinty's custody; the court declined to terminate McGinty's parental rights, but temporarily transferred custody to the local Department of Family and Children Services (DFCS), which placed the child in temporary foster care with Smith's aunt and uncle. The order also scheduled another hearing in six months to consider the need to alter any terms of the disposition.

This second hearing actually was held on January 13, 1987. A few days before the hearing, Smith filed a petition with the juvenile court seeking permanent custody of the child. At the beginning of the hearing, Smith's attorney requested that this petition also be addressed at that time, but changed her mind a third of the way through the hearing. At the conclusion of the hearing, the juvenile court indicated that actually it would have to dismiss Smith's petition for lack of jurisdiction insofar as it sought a change in permanent custody, but would deny it to the extent it merely sought temporary custody of the child. The petition was formally denied on January 16, 1987.

In the written order entered on February 4, 1987, the juvenile court found that Smith was emotionally unfit to have custody of the child at that time, and ordered him to undergo psychological counseling with a particular psychologist in Savannah. (The court also ordered therapy for the child and McGinty.) The DFCS retained temporary custody of the child. This discretionary appeal by Smith followed. *Held*:

1. Under OCGA § 15-11-34 (a) (2), upon finding that a child is deprived, the juvenile court may temporarily transfer legal custody from the custodial parent to a suitable individual, a private agency or organization licensed to receive and provide care for a child, or any public agency authorized by law to receive and provide care for a child. In this case, Jan McGinty was the custodial parent under the divorce decree, and the juvenile court's temporary transfer of custody to the DFCS was only a suspension of that right. *Rodgers v. Dept. of Human Resources*, 157 Ga. App. 235 (276 SE2d 902) (1981). Such

temporary suspension of the right of custody does not automatically vest right of custody in a non-custodial parent whose parental rights remain intact. As indicated above, under OCGA § 15-11-34, in deciding the temporary custodian of a deprived child, the juvenile court has options. In exercising that discretion in this case, the juvenile court kept temporary custody with the DFCS, over Smith as a natural parent, because it considered Smith to be emotionally unfit at that time to be a responsible custodian of the child. It would have been no abuse of discretion, however, to award temporary custody with DFCS even had there been no question of Smith's emotional stability.

The purpose of the January 1987 hearing was to examine the need for continuing the arrangement implemented under the court's previous order. Most of the evidence concerned the behaviors of both Smith and McGinty since the previous hearing, which was pertinent to the determination of whether to keep temporary custody with the DFCS. The juvenile court's consideration of this evidence in no way converted the hearing into another deprivation hearing with Smith as the defendant forced without notice to defend his right to custody, if for no other reason than that Smith had no right to custody in the first place. Smith's contention that he was deprived of due process thus is either misleading or misguided.

2. Smith also contends that the juvenile court exceeded its authority by ordering specific placement, care, and supervision of the child, and by ordering Smith to submit to psychological counseling with specific psychologists in Savannah. As correctly noted by Smith, once a juvenile court determines that a child is deprived and temporarily transfers custody to the DFCS, "the statute places authority in the department as to ultimate disposition of the child," and any portions of a court's order purporting to control disposition of the child are merely exhortatory and not binding on the department. *In re R. L. M.*, 171 Ga. App. 940, 942 (321 SE2d 435) (1984). However, in the instant case the juvenile court merely made recommendations as to placement, care, and supervision of the child, and thus did not exceed its authority.

The propriety of ordering psychological counseling for Smith, with a particular psychologist in Savannah which would necessitate a round trip drive of 100 miles, is more dubious. There is no statutory authorization for such an order other than OCGA § 15-11-57 (a) (8), which provides that, after due notice and opportunity to be heard have been given to the person against whom the order is directed, the juvenile court may require any person "[t]o participate with the child in any counseling or treatment deemed necessary after consideration of employment and other family needs."

In the instant case, in the order of May 12, 1986, the juvenile court had recommended that Smith seek psychological counseling; the

declared purpose of the January 1987 hearing was "to consider comments as to the results of the implementation of this order and the need, if any, to alter any of the terms of this order." During that hearing, Smith certainly was afforded an opportunity to be heard on this issue. Assuming that the notice and opportunity to be heard requirements of OCGA § 15-11-57 were thus satisfied, and that that statute extends to separate counseling for the parent and child, it is apparent that no reason was shown for requiring such counseling with a particular psychologist 50 miles from the residence and work place of the affected parent. In short, we find that requirement to be unreasonable, and it must be stricken.

3. The minor's guardian ad litem has moved for dismissal of this appeal pursuant to OCGA § 5-6-48 (c), because of Smith's delay in preparing and filing the transcript. Such a motion, however, should be addressed to the court below.

*Judgment affirmed in part and reversed in part. Birdsong, C. J., and Pope, J., concur.*

DECIDED NOVEMBER 19, 1987.

*Alex L. Zipperer III, Judith M. Heck*, for appellant.
*John Wright Jones, Millard B. Shepherd, Jr., J. Stephen Lewis, Thomas C. Bordeaux, Jr., Michael J. Bowers, Attorney General, Carol A. Cosgrove, Senior Assistant Attorney General*, for appellee.