A93A2371. IN THE INTEREST OF J. N. T., a child.
(441 SE2d 918)

SMITH, Judge.

This is a discretionary appeal from an order of the juvenile court. The order placed temporary legal and physical custody of a deprived child jointly with appellant Georgia Department of Human Resources ("DHR") and unrelated third parties, and it directed physical placement with the third parties.

The facts underlying this appeal of what the DHR refers to as "only a legal issue" are neither litigated nor properly supported by citation to the record. Nevertheless, the record before us indicates that the mother of the child originally left her with a certain couple as 24-hour-a-day "babysitters." The couple is not related to the child by blood or marriage. An order adjudicating the child as deprived was entered by the court effective July 17, 1992, and temporary legal custody was awarded to the department. The DHR permitted the child to stay with its "babysitters," and the couple was asked to undergo certain training classes. The department thereafter determined that it would be in the best interest of the child to remove her from the couple's home. The couple then took action which culminated in a

judicial review of the earlier disposition granting temporary custody to the department. See OCGA §§ 15-11-41; 15-11-42.

The transcripts of the review hearings reveal that the juvenile court did not fault the DHR for removing the child from the couple's home based on the information available at the time. However, the court determined that returning the child to the couple's care was in the best long-term interest of the child. The DHR disagreed and added that it could not in good faith return the child to the couple's care "if we have discretion in the decision." The department also pointed out that its primary long-term goal as temporary custodian of a deprived child is to return the child to its parents, if possible, and not to anticipate permanent placement of the child outside the parents' care. The court entered an order modifying its previous temporary order; it awarded joint legal and physical custody to the couple and the DHR (specifically the local Department of Family & Children Services) and directed physical placement of the child with the couple.

The question before us is not whether the juvenile court's action was in the best long-term interest of the child. The wisdom of the actions that the DHR would likely take if granted sole temporary custody of the child is likewise not before us; neither is the capacity of the couple to care for and ultimately adopt the child. If the issue were merely whether the juvenile court abused its discretion in this case, we would readily hold that it did not do so.

The sole question before us is whether the juvenile court has the lawful authority to award joint legal and physical custody to the DHR and unrelated third parties when the DHR objects to that arrangement. In a typical case, "[t]he juvenile court makes the initial determination of whether the minor child is deprived, and if so, whether custody is given to the [DHR]. Thereafter, [OCGA § 49-5-3 (12) (D)] places authority in the department as to ultimate disposition of the child." *In re R. L. M.*, 171 Ga. App. 940, 942 (2) (321 SE2d 435) (1984). In such a case, "any portions of a court's order purporting to control disposition of the child are merely exhortatory and not binding on the department. [Cit.]" *In the Interest of A. S.*, 185 Ga. App. 11, 12 (2) (363 SE2d 325) (1987).

The court's order in this case clearly attempts to control the DHR's discretion to place the child as it sees fit by means of a "joint custody" arrangement as opposed to mere exhortatory language. However, OCGA § 15-11-34, which addresses the disposition of a deprived child, does not contemplate a transfer of custody from the child's parent or parents to a joint custody arrangement between unrelated third parties.

We have previously held that this Code section does not authorize the court to award legal custody to one person or agency and

physical custody to another. *In re R. R. M. R.*, 169 Ga. App. 373, 374-375 (1) (312 SE2d 832) (1983). The attempt to award "joint custody" to the DHR and to the child's former "babysitters" presents a distinction without a difference since such an arrangement is no more authorized by OCGA § 15-11-34 than the outright division of legal and physical custody among different persons or entities. Moreover, "joint physical custody" is in essence *divided* physical custody — divided to ensure that a child is afforded substantially equal time between estranged parents. OCGA § 19-9-6 (3). That Code section contemplates no other purpose sufficient to authorize the juvenile court to effect a true joint physical custody arrangement. Even assuming it was authorized to do so, the juvenile court clearly did not intend that this child would actually spend time equally with the couple and with persons selected by the DHR. Therefore the DHR was not truly vested with both legal and physical custody of the child in this case, and the juvenile court exceeded its authority here in essentially the same manner as was disapproved in *In re R. R. M. R.*, supra.

The judgment is therefore vacated and the case remanded with direction that a new disposition order be entered consistent with this opinion and in accordance with OCGA § 15-11-34. On remand, should the court elect to place the child with any party outside the discretion of the DHR, such action "shall relieve the department of further responsibility for the child. . . ." OCGA § 15-11-34 (c) (amended subsequent to the effective date of the order under review).

*Judgment vacated and remanded with direction. Beasley, P. J., and Cooper, J., concur.*

DECIDED MARCH 17, 1994.

*Michael J. Bowers, Attorney General, William C. Joy, Senior Assistant Attorney General, Teresa E. Lazzaroni, Staff Attorney, Maddox, Starnes & Nix, Michael S. Waldrop*, for appellant.

*Barksdale, Irwin, Talley & Sharp, David B. Irwin, Sandra M. Gentry, Terry N. Massey, David A. Lamalva*, for appellee.