A99A0715. In the Interest of K. D. S., a child.
(517 SE2d 102)

Judge Harold R. Banke.

Finding seven-month-old K. D. S. deprived, the court in 1994 ordered him placed with the Fulton County Department of Family & Children Services. Over a period of three years, the court extended the placement twice more, each time finding the child deprived and finding the mother failed to comply with court-ordered reunification plans. In 1997 DFACS petitioned to terminate the mother's rights, which the court granted after a hearing. She appeals on sufficiency of the evidence. *Held*:

1. Construing the evidence most favorably to the findings of the court, the question on appeal is whether a rational trier of fact could have found clear and convincing evidence (a) of parental misconduct or inability and (b) that terminating parental rights was in the best interest of the child. OCGA § 15-11-81; *In the Interest of B. C.*, 235 Ga. App. 152, 153 (508 SE2d 774) (1998). Parental misconduct or inability is shown by evidence (i) the child is deprived, (ii) lack of parental care caused the deprivation, (iii) such is likely to continue, and (iv) the continued deprivation is likely to cause serious harm to the child. OCGA § 15-11-81 (b); *B. C.*, supra.

(a) *Deprivation*. The court three times found the child to be deprived, none of which orders the mother appealed. For purposes of the termination hearing, the mother was bound by this finding of deprivation. *In the Interest of E. C.*, 225 Ga. App. 12, 15 (482 SE2d 522) (1997); see *In the Interest of J. M. B.*, 231 Ga. App. 875, 878 (1) (a) (501 SE2d 259) (1998).

(b) *Lack of Proper Parental Care and Control*. Where the child is not in the custody of the parent who is the subject of the proceedings, the court may consider whether the parent has unjustifiably failed (i) to communicate or to make a bona fide attempt to communicate with the child, (ii) to provide for the care and support of the child as required by law or judicial decree, and (iii) to comply with a court-ordered reunification plan. OCGA § 15-11-81 (b) (4) (C). The significant period is the year prior to filing the termination petition.

All of these factors weighed against the mother. During the year

preceding the filing of the petition, she was in contact with the child on only two occasions, and then only because the foster parents took him to see her. She consistently failed to appear for scheduled visits, even though they were set up at her request. This does not reflect a bona fide attempt to communicate with the child. See *In the Interest of M. E. C.*, 228 Ga. App. 9, 12 (1) (b) (2) (491 SE2d 107) (1997).

OCGA § 19-7-2 requires all parents to support their minor children. *In the Interest of C. G. A.*, 204 Ga. App. 174, 175 (1) (418 SE2d 779) (1992). While the child has been in foster care, the mother has not paid anything in support of him, even when she had a job. See *J. M. B.*, supra, 231 Ga. App. at 878 (1) (b) (mother failed to provide child support); *M. E. C.*, supra, 228 Ga. App. at 12-13 (1) (b) (3) (child support was only sporadic).

Until the termination petition was filed, she made no bona fide attempt to comply with the court-ordered reunification plans. She did not regularly visit the child, she did not earnestly pursue her G.E.D., she refused to cooperate in counseling efforts, and she did not establish a stable living environment. She refused to participate in parenting classes until after the petition was filed. See *In the Interest of R. P.*, 216 Ga. App. 799, 801 (2) (456 SE2d 107) (1995). Failure to comply with a reunification plan is a significant factor justifying termination. See *M. E. C.*, supra, 228 Ga. App. at 13 (1) (b) (4); *In the Interest of A. S. M.*, 214 Ga. App. 668, 672-673 (2) (448 SE2d 703) (1994). New compliance efforts after the filing of the termination petition are of questionable significance. *In the Interest of J. S.*, 232 Ga. App. 876, 880 (1) (502 SE2d 788) (1998).

(c) *Cause of Deprivation Likely to Continue.* Past conduct of the mother may reflect whether the conditions of deprivation are likely to continue. *In the Interest of C. W. D.*, 232 Ga. App. 200, 204 (1) (501 SE2d 232) (1998). She lost the child because of her expressed desire to give the child up and because of an abusive, unstable, and unhealthy living environment. Over the four-year life of the child while in the custody of DFACS, she has had only sporadic visits with the child and admits he does not know her and has not bonded with her. She has moved frequently and has not established a permanent or stable living environment. She has held jobs infrequently and has not diligently pursued her education. She has provided no financial support for the child and has refused to cooperate in needed counseling. Not only is the inference of continued deprivation appropriate here, but the court heard testimony that there was no possibility she would progress in the near future toward being able to care for the child.

The mother's recent attempts to put her life in order are unconvincing. She has employment, but at the time of the hearing she had held that employment for only one month. She has a place she calls

home (with her boyfriend's sister), but must soon vacate the premises. She completed the mandated parenting class, but only after the termination petition was filed. Evidence supported the court's discounting these efforts.

(d) *Continued Deprivation Likely to Cause Harm.* The same evidence authorized the court to conclude that the continued deprivation will likely cause serious physical, mental, emotional, or moral harm to the child. *In the Interest of K. L.*, 234 Ga. App. 719, 722 (507 SE2d 542) (1998).

2. The evidence showing the existence of parental misconduct or inability also supports a finding that termination of parental rights of the mother would be in the child's best interest. *B. C.*, supra, 235 Ga. App. at 155 (c). Moreover, the DFACS caseworker testified that K. D. S. was very bonded to the foster parents, who for the last two years have provided a loving and nurturing environment and have expressed interest in adopting him. See *M. E. C.*, supra, 228 Ga. App. at 14-15 (2).

A rational trier of fact could have found by clear and convincing evidence that the statutory factors were shown. The court did not err in terminating the mother's parental rights.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED MAY 3, 1999.

*Hassett, Cohen & Goldstein, Daniel S. Glickman*, for appellant.

*Thurbert E. Baker, Attorney General, Dennis R. Dunn, Deputy Attorney General, William C. Joy, Senior Assistant Attorney General, Shalen A. Sgrosso, Assistant Attorney General, Philip B. Campbell*, for appellee.