## A00A1992. DICKERSON v. DICKERSON.
(545 SE2d 378)

MILLER, Judge.

The question on appeal is whether a judgment specifically holding that two people were not married precludes the parties to that judgment from later litigating that particular issue in a subsequent tribunal, notwithstanding the fact that the court opined that the judgment would not have a "res judicata" effect. We affirm the second court's grant of summary judgment based upon collateral estoppel.

Shortly after Richard Dickerson died intestate in an electrical accident, his brother Frederick applied for letters of administration from Lumpkin County Probate Court and was appointed administrator of Richard's estate. Barbara Fuller, also known as Barbara Dickerson, petitioned the probate court to set aside the letters and the appointment on the ground that she was Richard's common law wife and was thus entitled to the appointment. Frederick responded, denying the common law marriage.

As administrator and as guardian of Richard's mother, Frederick then filed a wrongful death/pain and suffering action in Rockdale County Superior Court against the City of Conyers. Barbara having notified the city that she had an interest in the claims, the city moved the Rockdale court to add Barbara as an involuntary plaintiff under OCGA § 9-11-19, which motion the court granted. Barbara did not want to litigate the marriage issue in Rockdale County, so she filed a voluntary dismissal dismissing her claims with prejudice. The Rockdale court ruled this dismissal a nullity, ordering that Barbara was still a party and was thus possibly entitled to any monies awarded.

Counsel for all parties, including Barbara, were given notice of the trial date, and the Rockdale court tried the wrongful death action to a conclusion. Barbara testified at trial regarding the question of her alleged common law marriage to Richard, which was in dispute at trial. The jury verdict form specifically asked the jury to resolve the question of the existence of the marriage, and the jury found there was no marriage at the time of Richard's death. The court entered judgment on the verdict, concluding that since the jury had found against Barbara on the marriage question, she would take nothing from the $4.7 million amount awarded by the jury.

Barbara moved for a new trial, complaining that (1) she had not received notice of the court's ruling nullifying her dismissal and holding she was still a party, (2) she had not received notice of the trial and thus had not appeared as a party, and (3) the ruling nullifying her dismissal was in error. Based on evidence submitted at the hearing and in the trial record, the court found against her on all factual assertions and denied her motion for new trial. Nevertheless, the

court as a part of its order opined that the finding of no marriage would have no "res judicata" effect on Barbara's petition pending before Lumpkin Probate Court. No party appealed the judgment or the order denying the motion for new trial.

The Lumpkin Probate Court transferred the estate case to Lumpkin Superior Court, where Frederick moved for summary judgment, arguing that the Rockdale judgment conclusively resolved that Barbara had not been married to Richard at the time of his death and should be accorded collateral estoppel effect. The Lumpkin Superior Court agreed and entered summary judgment against Barbara on her petition to set aside the appointment of Frederick. She appeals this order, arguing that collateral estoppel does not apply.

1. "[C]ollateral estoppel applies where an issue of fact or law is actually litigated and determined by a valid judgment, and the determination is essential to the judgment. That determination is then conclusive in a subsequent action between the same parties."[1] This concept, sometimes known as estoppel by judgment or issue preclusion, precludes the readjudication of issues already litigated to a conclusion in a previous action between the parties.[2] It differs from res judicata in that res judicata, which additionally precludes claims that might have been litigated in the prior case,[3] applies only when the causes of action in the two cases are the same.[4]

The elements for the application of collateral estoppel are present here. First, both Barbara and Frederick were parties to the Rockdale action. Barbara has admitted that the court nullified her voluntary dismissal, readded her as an involuntary plaintiff, and announced during the trial that she could be awarded a judgment from the city.[5] Based on the jury's finding that she was not married to Richard at the time of his death, the court entered judgment against her as an involuntary plaintiff. As a party, she moved for a new trial, which motion the court heard and denied, explaining she had been a party to the proceedings with proper notice. She appealed neither the judgment nor the order and thus is bound by them,[6] including their findings that she was a party with proper notice.

The issue — whether Barbara and Richard were married at com-

---

[1] (Citations and emphasis omitted.) *Kent v. Kent*, 265 Ga. 211 (1) (452 SE2d 764) (1995).

[2] *Allen v. King Plow Co.*, 227 Ga. App. 795, 798 (1) (490 SE2d 457) (1997) (whole court); *Sorrells Constr. Co. v. Chandler Armentrout & Roebuck, P.C.*, 214 Ga. App. 193-194 (447 SE2d 101) (1994).

[3] OCGA § 9-12-40.

[4] *Sorrells Constr.*, supra, 214 Ga. App. at 193-194.

[5] Cf. *Roberts v. Hill*, 81 Ga. App. 185, 186 (3) (58 SE2d 465) (1950) (physical precedent only) (a party is one who is "'directly interested in the subject-matter, had a right to make defense, to adduce testimony, to cross-examine witnesses, to control the proceedings and to appeal from the judgment'"), citing *Smith v. Gettinger*, 3 Ga. 140, 142 (1847).

[6] *Hall v. Hall*, 240 Ga. 28 (239 SE2d 356) (1977).

mon law at the time of his death — is the same in both actions. The Rockdale action actually litigated this issue, with the jury expressly finding that Richard was not married to Barbara at the time of his death.[7] This issue was essential to the judgment for the purpose of determining who was to receive the money awarded by the jury. Since the Rockdale judgment and denial of the motion for new trial were unappealed, they were final and binding on the parties.[8]

The Lumpkin Superior Court correctly accorded the Rockdale judgment collateral estoppel effect.

2. Barbara nevertheless argues that because the Rockdale court opined in its order on the motion for new trial that its judgment would have no "res judicata" effect on the action pending in Lumpkin Probate Court (subsequently transferred to Lumpkin Superior Court), the Lumpkin Superior Court should have refused to apply collateral estoppel. This argument fails for two reasons.

First, the Rockdale court was literally correct; the Rockdale judgment bore no "res judicata" effect in the Lumpkin action. The Rockdale action was a wrongful death claim, whereas the Lumpkin action was a probate matter involving the administration of an estate. Because different causes of actions were at issue in each case, res judicata did not apply.[9] The court did not address the collateral estoppel effect of its order.

Second, even assuming the court had intended instead to comment on the collateral estoppel effect of its order in the Lumpkin action, such language was superfluous dicta and outside the court's authority to determine. "The extent of an estoppel by judgment depends on the principles of law applied to the facts of the case; it is not determined by the court rendering the judgment, which has no power to say how far its judgment shall or shall not be conclusive. . . ."[10] Opining on the collateral estoppel effect of the order being entered is similar to making rulings that are not essential to

---

[7] Compare *Brown v. Brown*, 212 Ga. 202, 204 (1) (91 SE2d 495) (1956) (whether plaintiff was the common law wife of the defendant was not directly decided and thus estoppel by judgment did not apply).

[8] *Hall*, supra, 240 Ga. at 28; see *In the Interest of K. D. S.*, 237 Ga. App. 865 (1) (a) (517 SE2d 102) (1999) (unappealed orders are binding on the parties); *Hooper v. Harris*, 236 Ga. App. 651, 652 (1) (512 SE2d 312) (1999) (unappealed rulings are final).

[9] See *Waldroup v. Greene County Hosp. Auth.*, 265 Ga. 864, 865-866 (1) (463 SE2d 5) (1995) (for res judicata to apply, parties and causes of actions in both cases must be identical); *Sorrells Constr.*, supra, 214 Ga. App. at 193-194.

[10] 50 CJS 370, Judgments, § 803 (c) (1997); see *Michigan Oil Co. v. Dept. of Natural Resources*, 148 Mich. App. 745, 754 (384 NW2d 777, 781) (1985) (" 'the parties are not bound by opinions or statements of the court seeking to define the extent to which such judgment shall prejudice the rights of the parties in other actions.' [Cit.]"); *Nott v. Gundick*, 216 Mich. 217, 222 (184 NW 864, 865) (1921) (same); *Evans v. Schafer*, 86 Ind. 135, 136-137 (1882) (striking language from judgment purporting to limit judgment's preclusive effect).

the judgment and thus is not binding in other actions.[11]
*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED FEBRUARY 5, 2001.

*Kenneth L. Shigley*, for appellant.
*Finch, McCranie, Brown, Hendrix, Sullivan & Wisebram, Richard W. Hendrix*, for appellee.

---

[11] See, e.g., *Evans v. Birge*, 11 Ga. 265, 272 (2) (1852) (collateral questions that are only incidentally considered have no estoppel effect); *First Nat. Bank &c. v. Williams*, 62 Ga. App. 203, 205 (8 SE2d 562) (1940) (same); see generally *Kent*, supra, 265 Ga. at 211 (1) (determination must be essential to judgment to have collateral estoppel effect).