A02A1958. IN THE INTEREST OF C. A. R. et al., children.
(578 SE2d 219)

MILLER, Judge.

The parents of C. A. R. and two other minor children appeal from the denial of the father's motion to modify a deprivation order that granted custody of the children to their maternal grandmother. On appeal the parents contend that the trial court erred in denying the father an opportunity to challenge, in a new hearing, the original finding of deprivation since the father was not a party to the original deprivation hearing. We discern no error and affirm.

The relevant facts of record reveal that C. A. R. and two other children were found to be deprived based on evidence that their father had molested at least one of them and that their mother had allowed the molestation to continue. At the time of the deprivation hearing, the father had not legitimated his children. The putative father, however, was given notice of the hearing, and a summons had been issued that demanded his appearance. Despite this notice, the father failed to appear at the hearing. The trial court awarded temporary custody to the children's maternal grandmother.

After the hearing, the father filed a petition to legitimate his children, which was granted. Over a year after the original deprivation order, he also filed a motion to challenge the order granting temporary custody of the children to the grandmother. The father requested an opportunity to present evidence to challenge the court's finding that he had molested his children, as this was the basis upon which the court made its finding of deprivation. The court did not allow the father to present any evidence in his defense with respect to this issue, prompting this appeal.

Appellants argue that the putative father was not a party to the original deprivation hearing, because he had not legitimated his children at that time. They contend that his legitimation of the children after the original deprivation hearing entitles him to now challenge the original finding of deprivation as a parent who now shares equal rights with the mother. We find this argument to be without merit.

Appellants' entire argument ignores the fact that the putative father *chose* not to participate in the original deprivation hearing despite receiving proper notice of the hearing.[1] The putative father had every opportunity to assert his rights as a parent and a party to the proceedings prior to and during the original deprivation hearing, and he chose otherwise. Cf. *Wilkins v. Ga. Dept. of Human Resources*, 255 Ga. 230, 235 (3) (337 SE2d 20) (1985) (putative father was considered a "party" for purposes of termination proceedings). The original finding of deprivation was not appealed and is now binding on the parties. *In the Interest of C. F.*, 251 Ga. App. 708, 712 (1) (a) (555 SE2d 81) (2001). We decline to adopt a holding that would allow putative fathers to ignore notice of deprivation proceedings and then later attempt to challenge the results of the hearing, when such results were brought about through the putative father's own choice not to participate. See *In the Interest of C. A. C.*, 239 Ga. App. 725, 726 (1) (522 SE2d 236) (1999) ("We do not recognize induced error. Asserted prejudice based upon induced error is impermissible.") (citations and punctuation omitted).

*Judgment affirmed. Johnson, P. J., and Blackburn, P. J., concur.*

DECIDED FEBRUARY 11, 2003.

*Shaffer, Raymond & Dalton, Kevin P. Bradley*, for appellants.

*Thurbert E. Baker, Attorney General, Dennis R. Dunn, Deputy Attorney General, William C. Joy, Senior Assistant Attorney General, Shalen S. Nelson, Assistant Attorney General, Stephanie B. Hope, Andrew S. Foster*, for appellee.

---

[1] It is undisputed that the father received adequate notice, as appellants' attorney admitted at oral argument that his client received proper notice of the hearing, and appellants have not challenged the adequacy of the father's notice on appeal.